## STINSON v. GOSSET.

1. In an action for an unlawful detainer the plaintiff is not a competent witness to prove the service of the notice in writing for the delivery of possession of the premises sought to be recovered.

2. An action for an unlawful detainer, under the statute, cannot be maintained unless the defendant entered as a tenant of the estate, or is in possession of the same by, from, under or by collusion with such tenant—but it need not be shown that the tenancy was created by the plaintiff, if he is entitled to the possession as a remaineder man, or as owner of the reversion.

ACTION for an unlawful detainer, commenced before a Justice of the Peace, who gave judgment of restitution in favor of the plaintiff, after which the suit was removed to the Circuit

Court, by *certiorari*, where the judgment was reversed and the cause remanded to the Justice, with instructions to award a *venire de novo*.

The complaint contains one count only, which is for an unlawful detainer.

In the course of the trial the plaintiff proposed to prove by his own oath, that he served a notice in writing on the defendant, to deliver up the possession of the premises sued for. He was permitted to give evidence of the fact, and the defendant excepted. The evidence set out in the record does not show how the plaintiff claimed to be entitled to the possession of the premises, but a lease is set out on which the defendant appears to have been the tenant of one Isaac Sorwell. One of the charges requested by the defendant was, if the proof showed that the relation of landlord and tenant, or of lessor and lessee did not exist, and that the defendant was not in possession by, from, under, nor by collusion with a tenant of the plaintiff, the suit could not be maintained. This was refused and the defendant excepted. Several other charges were refused, but as they are not considered in the opinion of the Court, they are not now set out.

Moore, for the plaintiff in error, submitted the case without argument.

GOLDTHWAITE, J.—There is a large class of cases in which parties are permitted to be sworn, but the relaxation of the general rule does not seem to have been extended beyond the proof of circumstances necessary to authorize the admission of secondary evidence. The loss of an original paper, or the service of notice to take depositions are illustrations of the class. [Cowan and Hill's notes, 2 Phil. Ev. 138.] In the present case the defendant's guilt by the statute is made to depend upon the fact of holding over after a written notice to deliver the possession—consequently there is no ground to suppose that the proof of notice is similar to that required to be given when a deposition is taken.

The statute says, if any tenant, &c. shall wilfully and without force hold over, &c. after demand and notice, in writing &c., such persons shall be guilty of an unlawful detainer. The guilt consists then entirely in holding over after a demand and notice

in writing, and being the essence of the offence, it cannot be proved by the adverse party. It was erroneous therefore to permit the plaintiff to give evidence by his own oath of the fact of notice.

2. Our statute with respect to forcible entry and detainer, seems to contemplate three distinct separate offences, all of a kindred nature.

The first is a forcible entry; the second an entry without force, but holding the possession by force, by menaces, or by exciting fear of danger; the third is a lawful or peaceable entry, but the possession is kept unlawfully and with force, menaces, &c.—and this last is called a forcible detainer merely. [Digest, 202, §1, 2, 3.]

The particular offence of which the plaintiff complains, is provided for by a distinct section of the same act, which is in these terms: " If any tenant or tenants, for term of life or lives, year or years, or other person or persons, who are or shall be in possession of any lands, tenements or hereditaments, by, from, or under, or by collusion with such tenant or tenants, shall wilfully and without force, hold over any lands, &c. after demand and notice in writing, given for the delivery of the possession thereof, by his, her, or their landlord, lessor or lessors, or the person or persons to whom the remainder or reversion of such lands, &c. shall belong, his, her or their agent, &c. thereunto lawfully authorized, then such person or persons so holding over, shall be guilty of an unlawful detainer." [Ib. 203, §5.]

This is the only part of the statute which defines the offence described in the complaint, and it is evident it cannot exist unless the defendant is a tenant, holding over, or is in possession under or by collusion with such a tenant.

In all other cases arising under the act, the aggressor is guilty of either a forcible entry, a forcible entry and detainer, or of a forcible detainer merely. The defendant then, very properly insisted that it was necessary to show that he occupied the possession in the manner described by the statute; but in the charge requested, he seems to have considered that the plaintiff of necessity should have been his landlord, a matter which is excluded by the very terms of the act, which gives the remedy equally to the remainder man or the owner of the

reversion. In this view the magistrate correctly refused the charge, for it may be that there was evidence to show that the complainant was the owner of the reversion.

Without examining all of the matters presented on the record, we are satisfied that the Justice of the Peace erred in admitting the plaintiff to give evidence, and consequently the judgment of the Circuit Court reversing the case, is free from error, and is affirmed.