25    711
103    318

# DUMAS vs. HUNTER.

1. In an action of unlawful detainer, where the defendant, having purchased the premises at sheriff's sale under execution against the plaintiff, received the possession from an under-tenant of plaintiff's lessee after the expiration of the original tenancy, the record of the judgment under which the land was sold, and the sheriff's deed for the premises, are not admissible evidence for the defendant, even " to show that his possession was lawful :" such evi-dence goes to the merits of the title, and is therefore inadmissible.—Clay's Digest 251, § 5 ; Code, § 2859.

APPEAL from the Circuit Court of Fayette.
Tried before the Hon. ALEX. B. CLITHERALL.

THIS was an action of unlawful detainer, commenced in April, 1852, by Winchester Dumas against Robert Hunter. The complaint states, "that Robert Hunter, on the first day of March, 1852, entered upon, and unlawfully detains" the land in controversy, which is particularly described, " the property of the said Dumas in his own right ; and that he has had the peaceable possession of the same for some seven years." The justice of the peace before whom the suit was commenced, gave judgment against the plaintiff, " on a plea that a copy of the complaint and cause of action had not been served and left with the defendant ;" from which judgment the plaintiff appealed to the Circuit Court, where a trial *de novo* was had in April, 1854.

On the trial, as the bill of exceptions states, " the plaintiff offered evidence to prove that he was in possession of the land in 1848 and 1849, and had rented the premises in 1850 and 1851 to one Benjamin Neighbours ; that Neighbours continued in possession until October, 1851, and in said month of October surrendered the possession to one Jesse Waddle ; and that the defendant, in March, 1852, received the possession from said Jesse Waddle. The defendant then, to show that his possession was a lawful possession, offered in evidence a judgment of the Circuit Court of this county at its Fall term, 1851, in favor of Jesse Waddle against said plaintiff, and an execution issued on said judgment ; and proved a sale of the premises under said execution by the sheriff on the first Monday in January, 1852, to the defendant, and the sheriff's deed to defendant, dated ·January 5, 1852. The plaintiff objected to the said evidence, so offered by the defendant, but the court overruled the objection, and charged the jury, that, if said evidence was true, the defendant was not guilty of an· unlawful detainer ; and the plaintiff excepted, both to the ruling of the court in admitting the evidence objected to, and to the charge given to the jury."

These two rulings of the court are now assigned for error.

E. P. JONES, for the appellant, cited Clay's Digest, p. 253, § 20; Lecatt v. Stewart, 2 Stew. 474; Cunningham v. Greene, 3 Ala. 130.

Dumas v. Hunter.

E. W. Peck, *contra:*

1. The evidence was properly admitted : it was offered but for one purpose, viz., "to show that the defendant's possession was lawful," and it was clearly admissible for that purpose. The fact that it might also be evidence of title, in an action where title was involved, does not prove that it was not proper in this action to show that defendant's possession was a lawful possession ; and the fact that it was a record and a deed, amounted to nothing. It was certainly competent for the defendant to prove that his possession was lawful ; and, whether that fact be proved by parol, or by a deed and judgment, can make no difference : that, like every other fact, must be proved by the best evidence the party has. Suppose the landlord, before the end of the term, sells and conveys to the tenant, and after the expiration of the tenancy, notwithstanding his sale and conveyance, gives the tenant notice to deliver up the possession, and on his refusal proceeds against him for an unlawful detainer ; would it not, in such case, be competent for the defendant to prove his purchase, to show that he did not unlawfully detain ? and could he prove his purchase unless he did it by the best evidence he had—his deed ? And although the deed, in a different action, would be evidence to prove title, it would also be evidence, in the case supposed, to prove the possession lawful. Can there be any difference, in principle, whether the sale is made by the landlord himself, or by an officer of the law for him ? Suppose Waddle had purchased at the sheriff's sale, might he not have remained in possession after the expiration of his lease, without being guilty of an unlawful detainer ? Suppose the defendant, after his purchase at the sheriff's sale, had demanded the possession of Waddle ; might not the latter have surrendered it to him ? or was he bound to take upon himself the hazzard and expense of a law suit ? The purchaser at sheriff's sale may, if the possession be vacant, lawfully enter ; or, if himself the tenant, may lawfully remain in possession after the expiration of his tenancy.

LIGON, J.—1. We think it very clear, that the court erred in allowing the appellee to read in evidence to the jury the record of the judgment in the case of Waddle against

46

the appellant, and the deed from the sheriff to him for the premises when they were sold under that judgment, against the objection of the appellee. The 2859th section of the Code expressly declares, that "the estate, or merits of the title, cannot be inquired into on the trial of any complaint" of the kind here presented; and it is too clear to admit of argument, that the admission of the proof objected to tended, necessarily and inevitably, to involve an examination of the merits of the title under which the appellant claims the possession. This was not the question before the jury; but the issue submitted to them, and which alone they were required to try, was, whether the appellee was in possession of the premises under such circumstances as would constitute his holding them, after demand in writing by the appellant, an unlawful detainer.

It is said, however, that this evidence was offered to show that the possession of Hunter was lawful; but the most casual examination will show that this could not be done, by this proof, without inquiring whether the estate of Dumas had not been determined by the sale and conveyance of the premises by the sheriff to another. It has been said, and repeated by this court, that the statute against forcible entries and unlawful detainers was intended to protect possession; and the purchaser of the title at sheriff's sale has no more right to enter without the consent of him who is in possession, than any other person with a lawful title. In the present case, the tenant in possession voluntarily gave it up to the purchaser at the sheriff's sale; but this, we apprehend, did not invest the latter with a lawful right to hold against the landlord.— Clark v. Stringfellow, 4 Ala. R. 353; Lecatt v. Stewart, 2 Stewart 474.

We have, on this branch of the case, adopted, in a great degree, the language of Mr. Justice Goldthwaite, in Clark v. Stringfellow, *supra*, which, on this point, was almost identical with the case at bar.

It may be said, however, that the statute under which the former case was decided, and the section of the Code which defines an unlawful detainer, are essentially variant. In respect to possessions obtained and held under circumstances such as mark the present case, there is no essential difference,

if, indeed, any in fact exists. The former statute (Clay's Digest 251, § 5) enumerates with greater particularity what acts of holding over shall constitute an unlawful detainer and who might be guilty of it, than does section 2852 of the Code ; but the latter, when taken in connection with rules of the common law, governing tenancies, is as full as the former statute. By the terms of the act cited from Clay's Digest it is provided, that one collusively obtaining possession from the tenant who is in under contract with the landlord, and holding over after the expiration of the term for which the premises are let, and who refuses to surrender the possession to the landlord, after lawful demand made, shall be guilty of an unlawful detainer. Section 2852 of the Code defines an unlawful detainer to be, " where one who has lawfully entered into possession of lands or tenements, after the termination of his possessory interest, refuses, on demand in writing, to deliver the possession thereof to any one lawfully entitled thereto, his agent, or attorney."

We apprehend it will scarcely be contended, that if the tenant should under-let the premises to a third person, for an unexpired portion of his term, and the sub-tenant should hold over under such circumstances as would have made the original tenant guilty of unlawful detainer, he (the sub-tenant) would be guiltless. In respect to the terms of possession, the sub-tenant would be placed in the same situation with him from whom he derived his possession, and the landlord is entitled to the same remedies against him, to recover it if it is unlawfully withheld. Indeed, the duties of the sub-tenant to surrender the possession to the landlord, at the expiration of the term, are the same which the law attaches to the tenant himself, and so, also, are the landlord's remedies to recover it when withheld.

In the present case, it is shown that Dumas rented the premises in dispute to Neighbours for the years 1850–'51, Dumas himself having possessed them during the years 1848 and 1849 ; that in October, 1851, Neighbours, while tenant of Dumas, put Waddle in possession, and he (Waddle) in March 1852, after the expiration of the term of Neighbours, under whom he entered, put the defendant into possession, who, on demand lawfully made, refused to deliver the posses-

sion to the landlord. At the time Hunter obtained the possession from Waddle, the latter was the tenant at will of Dumas; and the former, by thus obtaining the possession, occupies the same relation; and the fact that he held the sheriff's deed to the premises does not, of itself, change that relation.

As the charge of the court is general, and based upon the testimony thus illegally admitted, it is erroneous.

Let the judgment be reversed, and the cause remanded.