# Womack *v.* Powers *et al.*

*Bill in Equity to enjoin Action at Law.*

1. *Unlawful detainer ; who may maintain.* — A purchaser of lands at a sale under a mortgage or deed of trust, who has never had actual possession, cannot maintain an action of unlawful detainer for their recovery.

2. *Injunction of action at law.* — Equity will not enjoin an action at law, when the bill shows that the complainant has a full and complete defence in the legal forum.

APPEAL from the Chancery Court of Dallas.

Heard before the Hon. CHARLES TURNER.

The bill in this case was filed by Mrs. Sarah Womack, the widow of John H. D. Womack, deceased, and Lucy Womack, her daughter, against Richard Powers, C. C. Cleaveland, R. J. Lide, and Paul S. H. Lee ; and sought to enjoin and restrain the further prosecution of an action of unlawful detainer, which said Cleaveland, Lide, and Lee had instituted before said Richard Powers, as a justice of the peace, to recover the possession of a house and lot, of which the complainants were in possession, and which said defendants claimed under a purchase at a sale made by one McKellar, as trustee, under a mortgage, or deed of trust, executed by said John H. D. Womack in his life-time. On the coming in of the answers, the chancellor dissolved the injunction, on motion, in vacation ; and his decree is now assigned as error.

GEO. W. GAYLE, for appellants.

R. J. BOYKIN, *contra*.

[Posey v. Mobile County.]

BRICKELL, J. — The injunction sought is to restrain the prosecution of an action for unlawful detainer, commenced by the appellees against the appellants.   The bill discloses that the appellees have never had actual possession of the premises, the possession of which is the matter in controversy in that action.   The appellees assert title to the premises, under a purchase at a sale made by a trustee in a deed of trust to secure the payment of a debt, executed by the husband of one and the ancestor of the other appellant.   Under these facts, alleged in the bill and admitted in the answer, the appellants have a full and complete defence at law to the action of unlawful detainer; and though, if, as alleged in the bill, the debt secured by the deed of trust had been paid before the sale, the appellants may in equity be entitled to other relief, they are not entitled to the injunction.   The appellees, never having had actual possession of the premises, cannot maintain the action of unlawful detainer.   Actual possession, not the constructive possession, imputed by law for many purposes to the title, is necessary to maintain that action.   Otherwise, in the progress of the suit, a controversy as to the title, which the statute forbids, would inevitably arise.   *Dumas* v. *Hunter*, 25 Ala. 711; *Russell* v. *Desplous*, 29 Ala. 308.

The bill, so far as it sought an injunction, being then without equity, on the coming in of the answer, and a motion to dissolve, regularly made in vacation, a decree of dissolution was proper.   *Cave* v. *Webb*, 22 Ala. 583; *Nelson & Hatch* v. *Dunn*, 15 Ala. 501.

The decree of the chancellor is affirmed, at the costs of the appellants.


