[Watson v. Herring.]

# Watson *v.* Herring.

*Statutory Action of Ejectment by Mortgagee against Mortgagor.*

1. *Mortgage; invalid without attestation or acknowledgment; ejectment.* An instrument without attestation or acknowledgment is inoperative to vest title in the grantor to the lands embraced therein; and in an action of ejectment where the plaintiff claims title under a mortgage which is neither attested nor acknowledged, the defendant is entitled to the general affirmative charge.

2. *Ejectment; payment of mortgage debt as a defense; pleas of usury and set off.*—Under statutory provisions, the mortgagor of lands when sued in an action of ejectment by the mortgagee claiming title under the mortgage, may plead and prove payment of the mortgage debt, or have the balance due ascertained under the suggestion of partial payment, and obtain the land on payment of that balance within the designated period, (Code of 1886, § 2707); but the mortgagor can not, under said statutory suggestions, attack the consideration of the mortgage as recited, on the ground of usury in the secured debt, nor can he plead and show a set-off against it.

3. *Same; same.*—In an action of ejectment by a mortgagee claiming title under his mortgage, a plea that the mortgagee took possession of certain property under the mortgage, and in which the defendant, under the statutory suggestions (Code of 1886, § 2707), asks to have the value of such property deducted from the amount due on the mortgage, as a plea in bar of the action, is bad and wholly unavailing; the facts averred in such plea not showing full payment of the mortgage debt.

4. *Mortgage for advances; whether advances made to husband or wife questions for the jury.*—In an action upon a mortgage which was given by a married woman, together with her husband, for advances to be made by the mortgagee to the wife, who owned the land upon which the advances were used, and claimed the crop grown thereon during the year, but it is shown the advances were delivered to the husband, it is a question for the jury to say whether the advances are to be charged to the husband or to the wife under said contract; and instructions to the jury which withdraw from them a consideration of these questions are erroneous.

APPEAL from the Circuit Court of Dale.

Tried before the Hon. J. M. CARMICHAEL.

This was a statutory action of ejectment, brought by

[Watson v. Herring.]

the appellee, J. J. Herring, against Martha Watson and her husband, J. J. Watson, and sought to recover certain lands specifically described in the complaint.

The defendants pleaded the general issue and the following special pleas : 1. That there were $64 of usury included in the mortgage upon which plaintiff relies to recover the land sued for. The 2d, 3d and 4th pleas were pleas of set-off, in which the defendants averred that the plaintiff was indebted to them in the sum of $450, for willfully and knowingly entering upon the defendants' land without their consent, and cutting down a certain number of trees, the statutory penalty for which amounts to $450. The 5th plea was as follows : ''That the plaintiff in this suit has heretofore, to-wit, before the bringing of this suit, received into his possession and took from these defendants 90 bu. corn, 100 bu. cotton seed, 500 lbs. of fodder, all of which produce the plaintiff in this suit took from these defendants under the mortgage that the plaintiff held against defendants, and upon which the plaintiff now relies to recover. That the plaintiff held mortgage on the above described property and that said property was received by the plaintiff, and that the value of said property should be entered and applied as a credit upon said mortgage, and these defendants ask that the value of the above said property be applied as a payment on said mortgage to the extent of the value of said property.''

The plaintiff moved the court to strike each of the pleas from the file, upon the grounds : 1st, that they were filed after the time prescribed by law for pleading had passed, and were filed without the consent of the court ; 2d, that the plea of usury constitutes no defense in the action of ejectment ; 3d, that the plea of set-off is not permissible and presents no defense in an action of ejectment ; and, 4th, that said plea is no answer to the complaint. The motion was sustained as to the plea of usury, and overruled as to the other pleas.

The plaintiff demurred to the 2d, 3d and 4th pleas, on the ground that the penalty claimed was a subsisting demand or debt due from plaintiff to the defendants at the commencement of the suit ; that the facts averred in said pleas do not purport to constitute a payment of the mortgage debt upon which the count was founded. To the 5th plea the plaintiff demurred upon the following

[Watson v. Herring.]

grounds: "That said plea fails to show that the property named therein was taken by plaintiff as a payment on the mortgage debt. That said plea does not seek to set-off the value of said property named therein against the plaintiff's demand. That said plea is offered as answer to the plaintiff's entire demand, and fails to show that it answers plaintiff's entire demand. That said plea is no answer to the complaint." The demurrers to the several pleas were overruled, and issue was joined upon said pleas.

Upon the trial of the cause, as is shown by the bill of exceptions, the plaintiff proved that he held a mortgage executed by Martha Watson and her husband, J. J. Watson, which was made to secure the payment of a part of the purchase money of the lands sued for, which was due from the defendants to the plaintiff, and in addition to that, for the purpose of securing advances which were to be made by the plaintiff to the defendants during that current year; and that this mortgage had not been paid. The plaintiff further testified that during the year he let J. J. Watson have $65 worth of fertilizer, which was used for Mrs. Watson's place, and that in the fall of the year he brought him two bales of cotton grown on said place, the proceeds of which he used in paying for the fertilizer. It was further shown that some time after the maturity of the mortgage debt, the plaintiff brought an action of detinue against these defendants, and obtained possession of 185 bushels of corn and other of the crops raised on the place by the defendants. That on the trial of this detinue suit the plaintiff based his right to recover upon other mortgages than the one here involved in suit, and that judgment was rendered in favor of the defendants.

The testimony of the defendants tended to show that the detinue suit was for 100 bushels of corn, and that the plaintiff had never accounted to Mrs. Watson or J. J. Watson for the 85 bushels which were in excess of the amount sued for. Mrs. Watson testified that the bales of cotton paid to plaintiff for fertilizer were raised on her land, and that she demanded that said cotton should go as a credit on the mortgage debt, but that this demand was made a long while after it had been otherwise credited. The other facts of the case are sufficiently stated in the opinion.

18

[Watson v. Herring.]

Upon the introduction of all the evidence, the defendants requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "If the jury believe the evidence, they will find for the defendant." (2.) "The two bales of cotton must go as a credit on the mortgage debt." (3.) "The jury is charged that as to the advances made, the land in this suit can not be charged with such advances." (4.) "In ascertaining the amount due on the mortgage the jury can not consider the advances as testified about." (5.) "If the plaintiff received eighty-five bushels of corn which was made by the mortgagors on the land sued for and upon which plaintiff held a mortgage, then the value of said eighty-five bushels of corn should be credited on said mortgage; and in ascertaining the amount due on the mortgage debt, the jury must give said mortgage credit for the value of said eighty-five bushels of corn."

There were verdict and judgment for the plaintiff. The defendants appeal, and assign as error the several rulings of the trial court to which exceptions were reserved.

R. L. HARMON, for appellant.—The court erred in refusing to allow the plaintiff to introduce the deed from the defendant to his wife. In this case it is clear that the judgment debtor could not legally redeem the land from his wife, because she had an absolute indefeasible title to all of the land as to him.—*Gilliland v. Fenn*, 90 Ala. 230; *Pickett v. Pipkin*, 64 Ala. 520. The deed was valid as between the parties thereto. Then if he could not redeem from his wife, his attempted redemption was a nullity. He did not re-invest himself with the title to the land by the attempted redemption. In legal effect the relation as between him and his wife was not changed; she did not convey the land to him, but the legal title remained in her. She was bound to surrender the land, having purchased it at the sheriff's sale and received possession of the same.—*Posey v. Pressley*, 60 Ala. 251; *Weathers v. Spear*, 27 Ala. 455.

But whether the deed from Prestwood to his wife was void or not as to creditors and as to the plaintiff in this case, it was certainly valid and binding as between the parties, and Prestwood's attempted redemption was

[Watson v. Herring.]

a nullity. He was not a debtor contemplated by, or coming within, the terms of the statute.—*Commercial &c. Asso. v. Parker*, 84 Ala. 298; *Husted v. Dakin*, 17 Abb. Pr. (N. Y.) 137.

HUBBARD & HUBBARD, *contra*.—1. Appellee had redeemed the land from his wife who purchased at the execution sale. Title can not be inquired into.—*O'Donohue v. Holmes*, 107 Ala. 489, decides that deed can not be introduced to test right.—*Turnley v. Hanna*, 82 Ala. 143, says a deed can be used only to show extent of possession, on the principle that possession under color of title extends to entire tract, though void as a conveyance of title.—*Postal Tel. Co. v. Brantley*. 107 Ala. 686; *Alabama State Land Co. v. Kyle*, 99 Ala. 474.

2. The true rule is, Henderson having had the property levied on and sold as F. M. Prestwood's, it must, for the purpose of redemption and recovery of possession by him in unlawful detainer, be treated as the property of Prestwood; and Prestwood having exercised the right of redemption, there was left for Henderson neither right of redemption nor of possession. The evidence is not disputed that F. M. Prestwood redeemed. A court of chancery even on a bill to redeem will not determine disputed titles.—*Hanna v. Steele*, 84 Ala. 306.

McCLELLAN, J.—This is a statutory action for the recovery of land prosecuted by Herring against Martha Watson and J. J. Watson. Plaintiff claimed title under a mortgage which was signed by the defendants. It appears from the abstract that "this mortgage is not witnessed by any person, nor is it probated by any officer authorized to take acknowledgments, nor purported to be probated by any officer." The instrument without attestation or acknowledgment was inoperative to vest title to the land in the plaintiff; and the affirmative charge requested by the defendant should have been given.

It was stated at the bar, however, and not controverted, that as matter of fact the mortgage bore the necessary certificate of acknowledgment, but that such certificate was inadvertently omitted in copying the instrument into the bill of exceptions. Hence, with a view to another trial, we will refer to some of the other points presented by the appeal.

It is sufficient justification for the striking out of defendant's special plea of usury, that it was filed after the time for pleading had passed and without leave of court.

Moreover, usury in the secured debt cannot be pleaded at all in bar of an action to recover land, nor given in evidence under defendant's suggestion requiring the jury to ascertain the amount of the mortgage debt: section 2707 of the Code has relation to payment in whole or in part of the mortgage debt.—*McKinnon v. Lessley*, 89 Ala. 625; *Lampley v. Knox*, 92 Ala. 625.

The issue of indebtedness *vel non*, and the inquiry as to the amount of the mortgage debt, which are authorized by section 2707 of the Code, are confined to the mortgage debt itself. The general state or balance of indebtedness between the parties is not within either. Recovery cannot be defeated by showing that although there is a balance due under the mortgage, plaintiff owes defendant on other accounts enough to liquidate it, nor can such outside matters be taken into account in ascertaining the amount of the mortgage debt. Set-off, therefore, can neither be pleaded in bar of the action nor brought forward under defendant's suggestion in determining the unpaid balance. (A different rule would prevail, it seems, in actions for the recovery of personal property under section 2707 of the Code. *Powell v. Crawford*, 110 Ala. 294.) Pleas 2, 3 and 4 were bad, and the demurrers to them should have been sustained. The 5th plea was also bad. On the facts averred therein, defendant would be entitled to have the value of the property which it alleges plaintiff had taken under the mortgage deducted from the mortgage debt *under his suggestion* for the ascertainment of the balance of such debt, but as a plea in bar of the action these facts, not showing *full payment* of the mortgage debt, are wholly unavailing. If, as averred in the plaintiff's replication to this plea, plaintiff took this property under another claim having no connection with this mortgage, the value of it would constitute an independent claim of defendant against him which could not be brought forward in the present action at all, though, of course, if the action were for the recovery of the mortgage debt, and not for the recovery of the land

[Williams v. Hendricks.]

conveyed by the mortgage, such claim might be set off against the plaintiff.

As to the liability of Mrs. Watson for the advances made by Herring : She contracted in writing for farming supplies, &c. to be advanced to her by him, the mortgage itself constituting the written contract. It may be that she did not receive any advances under this contract, but that, as testified by herself and Watson, they were purchased and received by the latter alone. If the jury so found, the value of the advances should not be debited to her in ascertaining the amount of the mortgage debt. On the other hand, it was open to the jury to conclude from the facts that she contracted for such advances, that she owned the land upon which farming operations were carried on, and that she now claims the crops grown thereon the year during which the advances were made, that she, and not her husband, received these supplies, their evidence to the contrary notwithstanding; and so finding she should be debited therefor under the mortgage. The fact that her husband came for the supplies which were furnished, and in person received them from Herring, is not necessarily controlling : this he might well have done as her agent. The charges asked by the defendant would have encroached upon the rights of the jury in respect of this issue, and were properly refused.

For reasons already adverted to, charges 2 and 5 requested by defendant are incorrect statements of the law. The general affirmative charge was properly refused to defendant.

Reversed and remanded.