[Patterson v. Folmar.]

# Patterson *v.* Folmar.

## *Action of Unlawful Detainer.*

1. *Contract of sale and of lease; construction thereof.*—Where a contract provides for the sale of land upon condition that the proposed purchaser pay an agreed price by a certain designated day, and that if he fails to do so, time being of the essence of the contract, the agreement for sale should cease and determine and the parties were to stand in the same relation as though no such contract had ever been made, but it was further provided in said contract, that after such default the relation of landlord and tenant should arise and exist between the parties as to the land for the then current year, and the defendant should pay an agreed rent to plaintiff for such year, upon default being made in the payment of the purchase money at the time agreed upon, the relation of landlord and tenant became established, and the contract became an agreement for the payment of rent, entitling the tenant, who was the proposed purchaser, to hold possession during and until the end of the year.

2. *Same; action for unlawful detainer; admissibility of evidence.* In an action of unlawful detainer, a contract entered into between the plaintiff and the defendant by which the plaintiff agreed to sell to the defendant certain lands for an agreed price if paid at a designated time, and if the defendant failed to make such payment at the time designated, such contract should cease and determine, and upon such default the relation of landlord and tenant should arise and exist between the plaintiff and the defendant for the current year, and the defendant should pay rent to the defendant for that year, is admissible in evidence together with proof of default having been made in the payment of the purchase price, and that the defendant, after such default, continued in possession until after the expiration of the year specified in the contract.

APPEAL from the Circuit Court of Pike.

Tried before the Hon. JOHN P. HUBBARD.

On February 23, 1898, W. B. Folmar, the appellee, entered into what the witnesses in the present case termed a "rent sale contract" with J. E. C. Patterson, G. W. I.

Wynne and H. A. Wynne, in which contract the said Folmar agreed to sell to the other parties to the contract a certain tract of land containing 200 acres, for the sum of $605.67, which sum was to be paid on the 1st day of October, 1898. The terms of this contract, so far as they relate to the issues involved in the present suit, are sufficiently stated in the opinion. Under this contract, the said Patterson and the other parties entered upon and occupied said lands during the year 1898, but they made default in the payment of the purchase money therefor.

On March 10, 1899, W. B. Folmar made demand in writing on the said Patterson and the said G. W. I. Wynne and H. A. Wynne for the possession of the premises named in the contract, and they surrendered to Folmar 100 acres of the land but refused to surrender to him the other 100 acres. Thereupon the said Folmar brought an action of unlawful detainer against the said parties in a justice of the peace court to recover the possession of said land. The Wynnes surrendered all claim to the land sued for and by agreement, the suit was prosecuted against Patterson alone. Upon judgment being rendered in the justice of the peace court in favor of the plaintiff, the defendant appealed to the circuit court, where the trial was had upon issue joined upon the plea of the general issue. The defendant objected to the introduction in evidence of the contract referred to above, and duly excepted to the court's overruling his objection. Upon the plaintiffs offering to prove that the defendant had made default in the payment of the purchase money for the land sued for, the defendant objected to such evidence and duly excepted to the court's overruling his objection.

Upon the hearing of all the evidence the court, at the request of the plaintiff, gave the general affirmative charge in his behalf; and refused to give the general affirmative charge requested by the defendant; to each of which rulings the defendant separately excepted.

There were verdict and judgment for the plaintiff. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

M. N. CARLISLE, for appellant.

CARMICHAEL & BRANNEN, *contra.*

HARALSON, J.—Action of unlawful detainer, by the appellee, W. B. Folmar, as plaintiff, against the appellant, J. E. C. Patterson, as defendant. The suit was against defendant and two others, but the complaint was amended by striking these other two out, leaving said Patterson as sole defendant. The others surrendered 100 acres of the land, and defendant held the 100 acres sued for, and defended against plaintiff for the recovery of the same. The suit, by agreement between the parties, proceeded against Patterson alone, as to this 100 acres claimed by him.

Counsel for the appellant states in his brief here filed, that "there is but one question in this case: Did the court below inquire into the estate or merits of the title, which is prohibited by § 2135 of the Code of 1896, in actions of unlawful detainer?"

In the absence of all relationship of landlord and tenant, in actions for the recovery of the possession of land, the merits of the title is necessarily involved. Evidence tending to show that relationship, therefore, and that the defendant held under the plaintiff as landlord, and not under a contract for the purchase of the land in question—where "the estate or merits of the title" might be involved—was competent. The contract offered and admitted in evidence against the objection of defendant was one by which, on the 23d of February, 1898, the plaintiff made an agreement of sale of the lands sued for to the defendant. The agreement contained the following provisions: "In case the said second party their heirs or assigns shall pay the above described sum of money punctually and at the time above limited (the 1st day of October, 1898), and likewise perform and complete each of the agreements and stipulations aforesaid, strictly and literally, without any failure or default, time being of the essence of this contract, then and thereupon the first party (the plaintiff), will make unto the said parties of the second part, their heirs and assigns,

upon the surrender of this contract, a deed conveying (to them) the title to said aforedescribed lands and premises in fee simple." But it was further provided, that in case of the failure of the parties of second part, to make payment and perform the conditions of the contract by the time limited—time being of the essence of the contract—then the contract should, from the date of such failure, be null and void, and the rights of the parties of the second part thereunder, should utterly cease and determine, and the premises contracted (to be sold) should "revert to and revest in said party of the first part," as fully as if the contract had never been made. Then followed this provision: "And it is hereby further covenanted and agreed between the parties hereto, that immediately upon the failure to pay the note above described (the one given for the purchase money) the relation of landlord and tenant shall arise between the parties hereto, for the year, 1898, and the parties of the second part shall pay rent in the sum of two hundred dollars for occupying the premises for said year, 1898, such rent to be due and collectible immediately upon such default."

This, then, was an agreement for the sale of the land by plaintiff to defendant upon condition that defendant paid the agreed price by the 1st of October, 1898, and if he failed to do so, time being of the essence of the contract, it should cease and determine as an agreement of sale, and the parties were to stand to each other, as to that matter, as though no contract had ever been made. But, the contract went further and provided, that after such default, the relation of landlord and tenant should arise and exist between the parties as to the land for the year, 1898, and defendant should pay rent to plaintiff therefor for that year. Under this agreement, defendant was entitled to hold possession during and until the end of the year 1898, not under any right growing out of the forfeited and abrogated agreement of purchase, but as tenant of defendant. Under substantially the same contract, we recently held in Nelson v. Sanders, 123 Ala. 615, that Sanders was the tenant of Nelson, and liable to him for rents.—Collins v. Whigham, 58 Ala. 438. The introduction of this contract and the

note given to plaintiff by defendant for the land, and the proof in connection therewith, that the note and no part of it had been paid, was without error. This proof, without conflict showed the relation between the parties to be that of landlord and tenant, and involved no inquiry into the estate or merits of the title to the land.   There is nothing in *Brown v. Beatty,* 76 Ala. 250, relied on by defendant, opposed to this conclusion.   There; the possession began in a lease, which contract was annulled by mutual agreement of the parties, and another one entered into between them in writing, by which the plaintiff agreed to sell and the defendant to purchase the premises, on terms agreed on and specified between them, and with which contract of purchase defendant failed to comply.   It was held, that as there was under this contract no relation of landlord and tenant, the defendant acquired an equitable title, inquiry into which, prohibited by statute, was necessarily involved in the suit, and therefore unlawful detainer was not the proper remedy.

All the material allegations of the complaint in this case were proved without conflict in evidence, and there was no error in refusing the general charge for defendant, and in giving a like charge for plaintiff.

Affirmed.