(132 So. 434)

### Mae POWELL v. Temon POWELL.
6 Div. 259.

Supreme Court of Alabama.
Oct. 31, 1929.

Rehearing Granted April 3, 1930.
Further Rehearing Denied Nov. 13, 1930.

L. D. Gray, of Jasper, for appellant.
J. B. Powell, of Jasper, for appellee.

PER CURIAM.
Affirmed.

ANDERSON, C. J., and SAYRE, THOMAS, and BROWN, JJ., concur.

On Rehearing.
PER CURIAM.

Rehearing granted; judgment of affirmance set aside and reversed and remanded.

All the Justices concur.

---

On Further Rehearing.

PER CURIAM.

The decision in Jordan v. Sumners (Ala. Sup.) 132 So. 427,[1] disposes of the rehearing in this case, resulting in its denial and reversal of the judgment of the circuit court.

ANDERSON, C. J., and GARDNER, BOULDIN, and FOSTER, JJ., concur.

BROWN, J., concurs in the conclusion.

SAYRE and THOMAS, JJ., dissent.

BROWN, J. (concurring).

I am of opinion that the decision in Jordan v. Sumners (Ala. Sup.) 132 So. 427,[1] is wholly inapplicable here.

In the absence of contract relations between the plaintiff and defendant, in this case, on which the law operated to create the relation of landlord and tenant, making applicable the doctrine of estoppel precluding an inquiry into the title, the plaintiff is not entitled to recover. I therefore concur in the conclusion that the rehearing should be denied. The plaintiff in this case was not the mortgagee; he purchased at a sale made by the bank, the mortgagee, and of necessity could not recover without showing title. My views as to the constitutionality of the statute are expressed in the Jordan Case.