(132 So. 427)

### JORDAN v. SUMNERS.

5 Div. 56.

Supreme Court of Alabama.

June 19, 1930.

Rehearing Granted Nov. 13, 1930.
Further Rehearing Denied Jan. 29, 1931.

W. A. Jordan, Ball & Ball, and Hill, Hill, Whiting, Thomas & Rives, all of Montgomery, for appellant.

Huddleston & Glover and C. T. Reneau, all of Wetumpka, for appellee.

BOULDIN, J.

Code, § 8003, new to the Code of 1923, undertakes to extend the remedy by action of unlawful detainer to the purchaser of lands sold under the power of sale in a mortgage or deed of trust as against the mortgagor or one holding under him.

The plaintiff, a mortgagee, purchasing at his own foreclosure sale, sued the mortgagor in unlawful detainer, relying upon this statute.

By our Constitution, § 168, a justice of the peace is denied jurisdiction in cases of

"ejectment." Any possessory action for the recovery of lands wherein the right to possession turns upon title to the premises is thus withdrawn from the jurisdiction of these local courts whose incumbents are not usually learned in the law, nor required so to be.

An "unlawful detainer" is defined by section 8001, found in the same chapter wherein section 8003 appears, as "one who has lawfully entered into possession of lands as tenant, fails or refuses on ten days' demand in writing after the termination of his possessory interest, to deliver the possession thereof to any one lawfully entitled thereto, his agent or attorney."

To more explicitly exclude such actions from the effect of section 168 of the Constitution, it is declared the "merits of the title cannot be inquired into" in any suit under this chapter. Code § 8012.

By a long line of decisions this court has consistently held that unlawful detainer lies only as between landlord and tenant or those succeeding to their possessory relation with consequent rights and duties. In such case the right of plaintiff to possession does not depend on title but on the nature of defendant's possession, a holding under and for plaintiff, the possession of one the possession of the other. Having derived possession from him, or being in possession, having become a tenant by contract, thus changing the possession from one in his own right to one in the right of the landlord, he is estopped to raise any question of title until he has put his landlord in status quo in the matter of possession after the termination of the possessory interest so held. Dwine v. Brown, 35 Ala. 596; Norwood v. Kirby's Adm'r, 70 Ala. 397; Houston v. Farris & McCurdy, 71 Ala. 570; Pugh v. Davis, 103 Ala. 316, 18 So. 8, 49 Am. St. Rep. 30; Nicrosi v. Phillipi, 91 Ala. 299, 8 So. 561; Giddens v. Bolling, 92 Ala. 586, 9 So. 274; Cooper v. Gambill, 146 Ala. 184, 40 So. 827; Hill v. Harris, 179 Ala. 614, 60 So. 917.

The relation of mortgagee and mortgagor is not the same as that of landlord and tenant as affecting an estoppel against the mortgagor when sued by the mortgagee in this form of action. A distinction must be kept in mind between estoppel to deny title and estoppels arising upon proof of title and the relations thus shown.

█ Since Duval v. McLoskey, 1 Ala. 708, the appropriate action by the mortgagee to recover possession from the mortgagor has been declared to be ejectment, or, as then in vogue, the action of trespass to try title.

In such action the plea of not guilty may be interposed, as in other such actions, and so put in issue all questions going to the title of plaintiff or defendant. Indeed, our statute extends the issues in suits between mortgagee and mortgagor to inquiries going to the mortgage indebtedness. Code, § 7465.

As well known, a mortgage passing the legal title, in the absence of reservation of right of possession in the mortgagor, express or implied, vests in the mortgagee a right of possession before or after default. He may elect to assert his right to possession or may leave the mortgagor in possession. If he takes possession before foreclosure he becomes accountable to the mortgagor for rents. If not, the mortgagor remains in possession in his own right, having the use thereof and the perception of rents as his own.

The mortgagee's right to possession is because of his legal title, the title draws to it the right of possession. The mortgagor has not taken his possession under the mortgage, but the mortgagee derives his right of possession from the mortgagor through a conveyance of the legal title.

It seems to follow inevitably that the first and essential proof in an action for possession is evidence of the legal title on which the right to possession depends.

At once the muniment of title, the sufficiency of its terms as well as of its execution to pass a legal title, whether it is infected with fraud, whether such title still persists, or has ceased to be by payment of the mortgage debt—all this and more may become involved. In brief, the issue of title in the mortgagee becomes a primary issue. Code, §§ 7456, 7465; Lomb v. Pioneer Savings & Loan Co., 106 Ala. 591, 17 So. 670; Watson v. Herring, 115 Ala. 271, 22 So. 28.

So well has it been understood that a mortgagee, or one claiming under him, cannot sue the mortgagor in unlawful detainer, although a constructive tenancy at will or at sufferance has been recognized, that prior to the present statute, section 8003, we find no case where such right of action has been asserted in our courts. But in Nicrosi v. Phillipi, 91 Ala. 299, 8 So. 561, incidentally cataloguing the cases wherein such action does lie, is mentioned that of a mortgagee, where the mortgagor, after default, remains in possession under contract to pay rent.

Strauss & Steinhardt v. Harrison, 79 Ala. 324, cited in Nicrosi v. Phillipi, supra, is to like effect, and further declares that even such attornment to the mortgagee cannot work an estoppel which will defeat the mortgagor's homestead right in the mortgaged lands. He may set up the invalidity of such mortgage notwithstanding an agreement to hold as tenant of the mortgagee.

This court has heretofore had occasion to consider acts undertaking to extend unlawful detainer to cases where the right of possession rests upon title.

Ex parte Webb, 58 Ala. 109, dealt with an act purporting to authorize an action of unlawful detainer by the purchaser at a tax sale for city taxes. In an opinion by Chief Justice Brickell, it was said:

"The proceeding the statute authorizes, has, necessarily, more of the elements, and bears a greater analogy to an action of ejectment, or the statutory real action, than to an action of unlawful detainer proper. A legislative declaration that the party withholding the possession is guilty of an unlawful detainer, and that suit for the recovery of possession, and damages for the detention, may be commenced before a justice of the peace, cannot be so construed as in effect to disseize a man of his freehold, and convert his estate into a mere right of action."

On a later appeal, Webb v. Carlisle, Jones & Co., 65 Ala. 313, 315, the act was declared unconstitutional because involving trial of title to land. The opinion, by Mr. Justice Stone, declared:

"It is not within the power of the legislature to confer on justices of the peace jurisdiction in actions of ejectment, under the title of unlawful detainer."

In Warren v. Jones, 219 Ala. 213, 121 So. 519, we considered Code, § 10157, new also to the present Code, found in the chapter on redemption, declaring that rights of possession acquired under that chapter may be enforced by action of unlawful detainer.

A purchaser at execution sale sued under that section. Going no further than the exigencies of the case demanded, we held on the authority of our cases, supra, the action would not lie; in effect, that such construction of the statute renders it unconstitutional.

That the mortgagee has undertaken to foreclose and acquire the equity of redemption does not change the situation, but, if anything, still further involves the issue of title by act of the mortgagee in which the mortgagor was inactive. The statute does not purport to extend unlawful detainer to cases before foreclosure, but to the purchaser, one acquiring the equity of redemption. The case is strictly analogous to Warren v. Jones, supra.

We are impelled to hold section 8003 an infringement of section 168 of the Constitution.

The writer further thinks any other view would be a denial of due process of law, but a decision of this question is deemed unnecessary. Calhoun v. Fletcher, 63 Ala. 574.

Rehearing granted; judgment of reversal set aside, and cause affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.

SAYRE, THOMAS, and BROWN, JJ., dissent.

BROWN, J. (dissenting).

It is a well-settled principle of constitutional law, in Alabama, that statutes enacted by the Legislature are presumed to be constitutional, and will not be declared unconstitutional unless they so appear beyond all reasonable doubt. State ex rel. Vandiver v. Burke, Judge, 175 Ala. 561, 57 So. 870.

This principle applies to statutes adopted as a part of the Code in pursuance of section 85 of the Constitution of 1901.

Section 8003, new to the Code of 1923 and written therein by the Code Commission, was adopted along with the other statutes constituting Chapter 296 of the Code, among others section 8012, which provides: "The estate or merits of the title cannot be inquired into on the trial of any complaint exhibited under this chapter; but all legal and equitable defenses may be had against a recovery for damages or for the unlawful detention of the land."

These statutes are in pari materia constituting a system of law relating to the same subject, and must be so construed, if possible, as that they will not impinge each other or the provisions of section 168 of the Constitution which deny power to the Legislature to confer jurisdiction on justices of the peace to entertain "ejectment" for the recovery of the possession of lands. Doss v. State, 220 Ala. 34, 123 So. 231, 68 A. L. R. 712; City of Birmingham v. Southern Express Co., 164 Ala. 529, 51 So. 159.

This principle, in effect, was applied in Warren v. Jones, 219 Ala. 213, 121 So. 519.

Applying this rule of construction, section 8003 of the Code would read: "The action of unlawful detainer provided for in this chapter shall lie in favor of the purchaser of lands sold under the power of sale in any mortgage or deed of trust against the mortgagor or grantor in such mortgage or deed of trust, or anyone claiming under them, upon the failure or refusal of such mortgagor or grantor, or anyone claiming under them, to deliver possession of such lands to the purchaser after ten days' demand in writing for such possession made by the purchaser," on showing such relation between the parties as that the plaintiff is not compelled to show title, but is justified in relying on the doctrine of estoppel foreclosing as between the parties an inquiry into the title.

The clear purpose of the statute being to extend the remedy so as to apply to the relation of landlord and tenant, whether the relation was conventional arising from contract of tenancy between the parties, covered by section 8001 of the Code, or by the operation

of law on an existing contract relation, making applicable the doctrine of estoppel foreclosing an inquiry into title. Patterson v. Folmar, 125 Ala. 130, 28 So. 450; Nicrosi v. Phillipi, 91 Ala. 299, 8 So. 561.

The act of the Mississippi territory of 1805, carried into Aikin's Digest, pp. 202-204, some of the provisions of which have been brought into the present Code as section 8002, extended this remedy so as to apply to "tenant or tenants, for term of life or lives, year or years, or other person or persons, who are or shall be in possession of any lands, tenements, or hereditaments, by, from, or under, or by collusion with such tenant or tenants, shall willfully and without force, hold over any lands, tenements, or hereditaments, after demand and notice in writing given for the delivery of the possession thereof, by his, her, or their landlord or landlords, lessor or lessors, *or the person or persons to whom the remainder or reversion of such lands, tenements, or hereditaments shall belong*, his, her, or their agent or attorney thereunto lawfully authorized, then such person or persons so holding over, shall be guilty of an unlawful detainer." (Italics supplied.) Aiken's Digest, p. 203, § 5. And in Stinson v. Gosset, 4 Ala. 170, it was held that the plaintiff, to recover, need not show that the tenancy was created by him, but *could recover if he was entitled to the possession as a remainderman or reversioner*, and this was so notwithstanding the statute then, as now, provided that "the estate or merits of the title shall in no wise be inquired into on a complaint which shall be exhibited by virtue of this act." Aikin's Digest, 2nd Edition p. 205, § 20.

The Code of 1852, § 2852, provided that: "An unlawful detainer is, where one who has lawfully entered into possession of lands or tenements, after the termination of his possessory interest, refuses, on demand in writing, to deliver the possession thereof to any one lawfully entitled thereto, his agent or attorney." This section was carried forward in the several Codes, without change, until amended by the Act of December 7, 1900 (Acts 1900–01, p. 173). The amended section in its present form first appeared in the Code of 1907 as section 4263. The effect of this amendment was to limit the action of unlawful detainer to the conventional relation of landlord and tenant arising from contract of tenancy between the parties.

All that the plaintiff in such action is required to show under said section, now section 8001 of the present Code, is "'actual possession in himself prior in point of time to the inception of the wrongful possession of the defendant, prior to the beginning of the unlawful detainer by the defendant,' *and in this sense the actual possession of the plaintiff's tenant" is plaintiff's possession*. (Italics supplied.) Walker v. Adler, 216 Ala. 76, 112 So. 458, 459; Nicrosi v. Phillipi, 91 Ala. 299, 8 So. 561; Hill v. Harris, 179 Ala. 614, 60 So. 917.

By the foreclosure of the mortgage under the power of sale, the relation of mortgagor and mortgagee is abrogated and the mortgagor then becomes a tenant, holding at the will or by sufferance of the mortgagee-purchaser, depending upon whether he continues to hold by consent of the purchaser or because of the laches of the purchaser. American Freehold Land Mortgage Co. of London v. Turner, 95 Ala. 272, 11 So. 211; Thompson & Co. v. Union Warehouse Co., 110 Ala. 499, 18 So. 105; Hughes & Tidwell Supply Co. v. Carr et al., 203 Ala. 469, 83 So. 472; Welsh v. Phillips, 54 Ala. 309, 25 Am. Rep. 679; Sadler v. Jefferson, 143 Ala. 669, 39 So. 380; Comer v. Sheehan, 74 Ala. 452; Farris & McCurdy v. Houston, 74 Ala. 162; Lamar v. Johnson, 16 Ala. App. 648, 81 So. 140; 41 C. J. p. 603, § 564, and cases cited under notes 93 and 94.

In Patterson v. Folmar, 125 Ala. 130, 28 So. 450, the defendant entered not as tenant but as purchaser, but by his default, under the terms of the contract, he became a tenant and was held liable to the action of unlawful detainer after demand and refusal to surrender possession.

After default and foreclosure, though the possession of the former mortgagor as such tenant may not be wrongful in its inception, it can be converted into a wrongful possession by notice to him to quit possession and his refusal to do so. A tenancy at sufferance "is in strictness not an estate, but a mere possession only. It arises when a person, after his right to the occupation, under a lawful title, is at an end, continues (having no title at all) in possession of the land without the agreement or disagreement of the person in whom the right of possession resides." Black's Law Dictionary, "Sufferance, tenancy at"; 2 Blackstone's Comm. 150. In a recent case this court has held that such holding over by the mortgagor is wrongful. Buchmann v. Callahan, ante. p. 240, 131 So. 799.

The provision of the Constitution supposed to have been violated by the Legislature in adopting section 8003 into the Code is that found in section 168, "Justices of the peace, and the inferior courts in this section provided for, shall have jurisdiction in all civil cases where the amount in controversy does not exceed one hundred dollars, *except* in cases of libel, slander, assault and battery, and *ejectment*." (Italics supplied.)

It is too clear to permit of argument that the statute does not undertake to confer jurisdiction on justices of the peace *to try ejectment*. As before stated, section 8012 provides that in an action of unlawful de-

tainer the "merits of the title cannot be inquired into."

It is equally as clear that the evidence offered was not offered for the purpose of inquiring into the title, but for the limited purpose of showing the relation between the parties, that the defendant was a tenant at sufferance, and that his possessory right had terminated, and as a basis for the estoppel that prevents defendant, as well as the plaintiff, from inquiring into the merits of the title in the action of unlawful detainer. There is nothing in the Constitution that inhibits the Legislature from authorizing proof before a justice of the peace, in such action, that the defendant's right to possession has terminated. This the plaintiff must do in the action of unlawful detainer if he would succeed. Patterson v. Folmar, supra, Farley v. Bay Shell Road Co., 125 Ala. 184, 27 So. 770; Dent v. Stovall et al., 200 Ala. 193, 75 So. 941; Bailey v. Blacksher Co., 142 Ala. 254, 37 So. 827; Barefoot v. Wall, 108 Ala. 327, 18 So. 823.

A written lease might be evidence of title, in a proper case, still it would be admissible in an action of unlawful detainer to show the relation of landlord and tenant. Patterson v. Folmar, 125 Ala. 130, 28 So. 450.

The doctrine of estoppel does not operate merely on title, but it operates to foreclose inquiry as to the relation under which the tenant holds as well. Beck v. Glenn, 69 Ala. 121: Howard v. Jones, 123 Ala. 488, 26 So. 129.

If the mortgagor in possession after foreclosure is a tenant at will or by sufferance, he is the tenant of the mortgagee-purchaser, and so long as he remains in possession as such tenant he cannot dispute the title of the landlord as a defense to unlawful detainer. If he would do this, he must proceed under sections 8024–8026, and remove the case for trial to the circuit court.

This interpretation of the statutes affords to the landlord a speedy remedy to oust one who is without right, and at the same time protects the defendant and gives him a remedy by which he may protect his possession and test the plaintiff's title in a court of competent jurisdiction. If this is not the very essence of due process of law, I have misconceived the force and meaning of these terms.

It certainly requires a strained application of the Constitution to say that the Legislature may authorize a recovery in unlawful detainer against a tenant by contract who has some color of right, and deny to it the power to authorize the action against a tenant at sufferance who has possession merely without right or color of right. This to my mind is a serious and an unwarranted restriction on the power of the legislature.

SAYRE and THOMAS, JJ., concur in the foregoing dissent.

### THOMAS, J.

I concur in the opinion of Justice BROWN and add the following:

The case is that of purchaser at his foreclosure sale under mortgage, who brings unlawful detainer for possession against the mortgagor. It is differentiated from a case by the purchaser at foreclosure sale who was not the mortgagee, but a third party. The latter case is within the proper construction of section 8003, Code of 1923, which confers the right to sue in unlawful detainer upon the purchaser at foreclosure. It does not extend to one holding under such purchaser. Farley v. Bay Shell Road Co., 125 Ala. 184, 27 So. 770.

In considering this case, it will be borne in mind that section 8003 became effective as law on August 17, 1924, while Womack v. Powers, 50 Ala. 5, was decided in 1873, Nicrosi v. Phillipi, 91 Ala. 299, 8 So. 561, in 1890, and Hill v. Harris, 179 Ala. 614, 60 So. 917, in 1913—all prior to the enactment of section 8003.

In the case at bar appellee relies upon Womack v. Powers, supra, to defeat the purpose of, or prevent the operation of, section 8003, Code. In that case Lee and others had purchased the lands at foreclosure sale under mortgage executed by Womack to McKellar, as trustee, and they (Lee and copurchasers) instituted unlawful detainer for the actual possession against the widow and daughter of deceased mortgagor. The defendant filed a bill against the plaintiffs and the justice of the peace of the court where unlawful detainer was pending, to enjoin further prosecution of that suit. On coming in of the answer on motion, the chancellor dissolved the injunction, and that decree and order were affirmed for the reason that equity will not enjoin an action at law, when the bill shows that complainant has a full and complete defense at law, saying that plaintiffs could not maintain the action because they had never had the actual possession, and constructive possession of land was not sufficient on which to rest that action, and would leave open a possible controversy as to title under the then existing statutes.

The jurisdiction of justices of the peace is limited by section 168 of the Constitution, denying the same in civil cases where the amount in controversy is in excess of $100, and in cases of "libel, slander, assault and battery, and ejectment." It was early decided that justices of the peace had jurisdiction in proceedings on writs of forcible entry and detainer, and that the value of the land in question was immaterial to that of the inquiry of actual possession. Ward v. Lewis. 1 Stew. 26. And in Ex parte Webb, 58 Ala. 109, it was

declared that a person in possession of property sold at city tax sale, who refuses to deliver that possession to the purchaser, "shall not be guilty of unlawful detainer" under the provisions of the city charter so declaring. It was said:

"There is no prior possession on which he can rely—nor can it be asserted that the party in possession derived it from him, or by an entry under one deriving it from him. Unless the party proceeded against is deprived of all right of defense, or his right of defense is narrowed and circumscribed so that generally it would be valueless, there must, of necessity, be an inquiry into the estate, or merits of the title. The proceeding the statute authorizes, has, necessarily, more of the elements, and bears a greater analogy to an action of ejectment, or the statutory real action, than to an action of unlawful detainer, * * * and that suit for the recovery of possession, and damages for the detention, may be commenced before a justice of the peace, cannot be so construed as in effect to disseize a man of his freehold, and convert his estate into a mere right of action."

As to subtenants, it is held that unlawful detainer under section 8001, Code, is possessory and grows out of the relation of landlord and tenant, and that a re-renting or subletting, or any collusion by which other parties are placed in possession of a part of the premises, will not defeat the action. Edwards v. Louisville & N. R. Co., 202 Ala. 463, 464(4), 80 So. 847, 848. Mr. Justice Gardner said:

"The argument is based upon the contention that, under the provisions of section 4263 of the Code of 1907, an action of unlawful detainer can only be brought against a tenant, and the complaint is insufficient in that it fails to allege any demise to this defendant. While the complaint does not show a demise to the defendant herself, yet it does disclose a renting of the premises to the defendant's husband, and the possession of said premises by the defendant by virtue of her relationship as wife, and that therefore she was holding possession under the husband's tenancy. As said by this court in Giddens v. Bolling, 92 Ala. 586, 9 So. 274:

"'Although the action is possessory, and grows out of the relation of landlord and tenant, a re-renting, or subrenting, of a part of the premises, or any collusion by which other parties are placed in possession of a part of the premises, will not defeat the action.'"

The case last cited was an action of unlawful detainer against the surviving wife of plaintiff's lessee, and defendant (wife) entered into possession under the tenancy of the husband, as his wife; held sufficient allegation of the plaintiff's possession of the property, notwithstanding the words of the statute defining unlawful detainer—as where a tenant after notice refuses to deliver possession. This statement would be efficacious in a case where the landlord gives notice that has the effect of terminating the lease and tenancy before its expiration date. Ross v. Gray Eagle Coal Co., 155 Ala. 250, 46 So. 564; Cleveland v. Little Cahaba Coal Co., 205 Ala. 369, 87 So. 567.

The facts of the Jordan Case are that Sumners owned and possessed the land, and with his wife gave a mortgage to appellant Jordan, and the mortgagor remained in possession. After default of the mortgage requirements, there was due foreclosure, and the mortgagee bought the land at his sale. Delivery of possession was refused and unlawful detainer was instituted under section 8003 of the Code. Judgment was obtained before the justice of the peace, and on appeal to the circuit court the cause was dismissed on the ground that the justice of the peace had no jurisdiction. This ruling could only be justified on the ground that Jordan had not actual possession as imputed by the mortgage to him as mortgagee, or on the ground that section 8003 is invalid.

The relation of landlord and tenant, or a relation in the nature thereof, by reason of a mortgage, is thus stated in 41 Corpus Juris, p. 603, § 564, on the authority of Hughes & Tidwell Supply Co. v. Carr, 203 Ala. 469, 83 So. 472, and Lamar v. Johnson, 16 Ala. App. 648, 81 So. 140:

"While the relation of mortgagee and mortgagor is not the conventional relation of landlord and tenant, unless there is some special provision in the mortgage to that effect, where the mortgagee is entitled to the possession of the mortgaged property, the mortgagor in possession is regarded as a tenant at will, or as a quasi tenant at will or by sufferance."

The English cases are cited to the effect that a mortgagor in possession of the premises by the sufferance of the mortgagee is a tenant within the strictest definition of that word. 7 Ecl. 330, 106, Reprint 1311. For such tenancy by sufferance generally, see 41 C. J. §§ 336–369.

The statutory remedy by unlawful detainer is provided by section 8001, extended to the mortgagor and the mortgagee by section 8003, and prohibition of inquiry into title is contained in section 8012, Code.

If the relation of mortgagee and mortgagor after default is that of landlord and tenant at will (Hughes & Tidwell Supply Co. v. Carr, 203 Ala. 469, 83 So. 472; Lamar v. Johnson, 16 Ala. App. 648, 81 So. 140), the mortgagee after default, and in this case after purchase at foreclosure sale, might have proceeded under section 8001 without the aid of section 8003. However this may be, a tenant is estopped to deny his landlord's title, and therefore that issue could not arise in this unlawful detainer; since the appellee in this case

cannot question appellant's title after he executed and delivered to appellant a mortgage containing full covenants of warranty.

It may be further argued that appellant cannot prevail because he did not have actual possession before the default claimed. In the very nature of things, under the mortgage contract relations, he did not and could not. In this case the mortgagor had actual possession, warranted that he had it, and conveyed to mortgagee the title which carried with it the right of possession, but by consent the mortgagor remained in possession under the mortgage. The Legislature is presumed to have known the legal effect of the relationship of mortgagor and mortgagee when it enacted section 8003 and section 8012, and did so enact in recognition of the principle that the mortgagor's possession was that of a tenant at will, and that the relationship between the two was so closely akin to that of landlord and tenant that the validity of the section could not be successfully assailed. Such is our judgment.

In Alabama a mortgage of realty passes the legal title to the mortgagee, with right of possession, with or without foreclosure, after the law day. Crabtree v. Price, 212 Ala. 387, 102 So. 605. From and after the execution and delivery of a mortgage of real estate, the mortgagee is entitled to possession of the real estate unless it is stipulated to the contrary in the mortgage. Trannon v. Towles, 200 Ala. 82, 75 So. 458. And the general authorities are collected to the text that possession of a mortgagor after foreclosure, and indeed after default, is not adverse to the title of the purchaser, but subordinate to the mortgage. 42 C. J. 269. In Pugh v. Davis, 103 Ala. 316, 18 So. 8, 9, 49 Am. St. Rep. 30, it is declared:

"There are two questions which have been so long and repeatedly settled by this court, as to leave no room for their further discussion: (1) That in an action of this character, the merits of the title cannot be inquired into; and (2) that the tenant, continuing in and withholding possession from the landlord, cannot dispute his possessory title, no matter who has a better one. Nicrosi v. Phillipi, 91 Ala. 299, 8 So. 561; Houston v. Farris & McCurdy, 71 Ala. 570; Norwood v. Kirby, 70 Ala. 397; Womack v. Powers, 50 Ala. 5; Dwine v. Brown, 35 Ala. 597; Dumas v. Hunter, 25 Ala. 714; Clark v. Stringfellow, 4 Ala. 353."

The provisions of section 8003, Code, if not unconstitutional, were the law when the mortgage was made by Sumners to Jordan, and therefore the mortgage was made in contemplation of the statute. It would not have been different if the parties had stipulated in the mortgage that after default and foreclosure and purchase by the mortgagee, he should have the right to sue for possession in unlawful detainer.

Aside from the criticism of the opinion in Nicrosi v. Phillipi, 91 Ala. 299, the illustrations of the relationship of landlord and tenant on page 305 of that decision, 8 So. 561, indicate the tendency of the courts to simplify the process by which the landlord, and all others in like relations or positions, may obtain the actual possession of land belonging to them, and to which as a matter of right, under the law and relation of the contract between the parties, they are entitled.

I have indicated that the facts of this case clearly distinguish it from Hill v. Harris, 179 Ala. 614, 60 So. 917, where the rights of third parties purchasing at foreclosure and subpurchaser were involved and denied to be tested by unlawful detainer. This statute does not prevent a proper proceeding in the circuit court to try title, when title is injected therein.

The dissenting opinion above was presented on original hearing as that of the division of the court. A majority do not agree therewith, and I am constrained to respectfully dissent, as I have indicated above.

I make the observation that in the case of Powell v. Powell (Ala. Sup.) 132 So. 434,[1] the plaintiff in unlawful detainer purchased at the bank's foreclosure sale, and in this case the mortgagee Jordan purchased at his own foreclosure sale; that the statute, section 8003, Code, was broad enough to cover both purchasers, and the statute is not offensive to organic law; and that expressions in Hill v. Harris, 179 Ala. 614, 60 So. 917, should be modified. It may be further noted that the foreclosure deed was proper evidence, not as raising an issue of title, but for the purpose of showing the relation of the parties, the extent of the possession claimed, and the estoppel that is raised or which grew out of that relation and as affecting the immediate right of possession. Farley v. Bay Shell Road Co., 125 Ala. 184, 27 So. 770; Dent v. Stovall, 200 Ala. 193, 75 So. 941.

In the case of Ex parte Webb, 58 Ala. 109, a petition for mandamus to the circuit court by a purchaser at tax sale, to dismiss appeal by the landlord, the tax purchaser brought unlawful detainer against the tenant in possession and on default judgment rendered for recovery and damages for detention. The landlord having intervened and sued out an appeal and petition by tax purchaser to dismiss the appeal, mandamus was denied; hence, the observation in Ex parte Webb, as follows (58 Ala. 112):

"There is no prior possession on which he can rely—nor can it be asserted that the party in possession derived it from him, or by an entry under one deriving it from him. Unless the party proceeded against is deprived of all

right of defense, or his right of defense is narrowed and circumscribed so that generally it would be valueless, there must, of necessity, be an inquiry into the estate, or merits of the title. The proceeding the statute authorizes, has, necessarily, more of the elements, and bears a greater analogy to an action of ejectment, or the statutory real action, than to an action of unlawful detainer proper. A legislative declaration that the party withholding the possession is guilty of an unlawful detainer, and that suit for the recovery of possession, and damages for the detention, may be commenced before a justice of the peace, cannot be so construed as in effect to disseize a man of his freehold, and convert his estate into a mere right of action."

And in Webb v. Carlisle, Jones & Co., 65 Ala. 313, an action for unlawful detainer before a justice of the peace, it was held that "he had no jurisdiction in an action involving the title to real estate, had no rightful jurisdiction of the subject-matter," and that "the legislature can not confer on justices of the peace jurisdiction to hear and determine civil causes, when the amount in controversy exceeds one hundred dollars. * * * This is the logical result of what we said in the case of Ex parte Webb, supra," quoting as we have set out above.

