HON. JAMES BARRETT,
HON. ASAHEL PECK,
HON. HOMER E. ROYCE,
HON. JONATHAN ROSS,
} ASSISTANT JUDGES.

---

## A. W. WILLEY *v.* MOODY CONNER.

### *Landlord and Tenant. Lease.*

The defendant took a lease of certain lands for five years from the 18th of July, 1863, on which was a hay crop at that date, which he had. The lease contained no reservation as to the crop in July of the year of its expiration. The county court found it was good husbandry to harvest said last crop at the time the defendant did harvest it, which was between the 9th and 16th of that July. *Held* that the defendant was entitled to said crop, which made six crops in the five years of the lease.

TROVER, with special count on the case. Plea, general issue, and trial by court, October term, 1870. PECK, J., presiding.

On the 18th day of July, 1863, the defendant leased certain premises of Harvey and Eliza Beecher for the term of five years,

as by the terms of a written lease.  On the 15th day of May, 1865, the said Eliza Beecher quit-claimed said premises to Mathewson & Nelson, and on the 20th day of October, 1865, the said Nelson quit-claimed said premises to said Mathewson, and on the 26th day of December, 1867, the said Mathewson deeded, by warranty deed, the same premises to the plaintiff, A. W. Willey.  At the time of the execution of all of said deeds, the defendant was in adverse possession of said premises, under and by virtue of said lease, and this was known and understood by all the parties to said deed at the time of the execution thereof, (this is qualified by what is hereinafter stated as to notice to Nelson & Mathewson,) that is, in adverse possession, if being in possession under his lease and claiming only to occupy the premises under and according to the terms of the lease, including his claim to cut the crop of grass of 1868 before the expiration of his lease, constitutes adverse possession.  He was not otherwise in adverse possession.  The premises leased were meadow and mowing land, and at the time of the execution of the lease there was a crop of grass standing on the premises, which the defendant thereafter harvested, and the defendant harvested all the crops of grass on said premises which were standing on said premises during the time limited in said lease, making six clips of grass.  The last crop the defendant commenced harvesting on the 9th day of July, 1868, and completed the harvesting of said crop on the 16th day of said July, and removed the crop from the premises on or before the said 16th day of July.  The court found from the evidence that it was good husbandry to harvest the last crop at the time it was harvested by the defendant, and that it would not have been bad husbandry to cut it at any time that year between the 5th and 20th of July.

The defendant always claimed that he was entitled to take the last crop of grass, that is, the crop of 1868, under and by virtue of his lease, and the parties to said deeds well knew this at the time of the execution of said deeds, as well as at all times thereafter, except that it did not appear to the satisfaction of the court that Mathewson & Nelson knew, when they took their deed from Eliza Beecher, whether the defendant claimed the right to cut the

crop of grass of 1868, although they knew of the lease to the defendant, and when it expired, and that the defendant was in possession, claiming under said lease.

The defendant offered to show, on trial, by parol, that it was understood and agreed between the said Beechers and the defendant, at the time the lease was executed to the defendant, that the defendant should harvest the last crop as his own, and that he might harvest the same for himself, and that he paid rent to the said Beechers in view of this parol understanding and agreement, at a larger amount than he otherwise would have done. This was objected to by the plaintiff, and the same was excluded by the court, to which ruling the defendant excepted.

The defendant claimed that this plaintiff had no right to bring and sustain this suit, and that the deed from Mathewson to the plaintiff was void under the statute, and that the plaintiff had no legal right to said last crop of grass, either before or after harvested, neither having property in nor possession of the same.

The court found that said last crop was harvested by the defendant within the time limited in and by said lease, and that the defendant had full right to the possession of the premises, under and by virtue of his said lease, to the 18th day of July, 1868, as by the terms of said lease, and that he occupied said premises, under and by virtue of said lease, during the time therein limited, and at the expiration of said lease the defendant surrendered said premises. At the time of the execution of the warantee deed, Mathewson to the plaintiff, it was understood between them that if the defendant claimed and took the last crop Mathewson should allow and pay the plaintiff for said crop, and the said Mathewson did pay the plaintiff for said crop between seventy and eighty dollars in full payment therefor.

The court rendered judgment for the plaintiff to recover of the defendant the sum of one hundred dollars and eighty cents damages and his costs, being the amount of the value of the crop of grass of 1868 at what it would have been worth standing uncut at the expiration of the lease, and interest on the same.

To all which ruling and decisions of the court the defendant excepted,

The lease was in ordinary form, and the *habendum* and the only covenants on the part of the defendant were as follows, viz:

" To have and to hold the said demised premises, with the appurtenances, unto the said Moody Conner, his heirs and assigns, for and during the term of five years next to ensue from this eighteenth day of July, in the year of our Lord eighteen hundred and sixty-three, unless the same shall be sooner determined, as it may be by the death of the said Eliza.

" And the said Moody Conner, for himself, his heirs, executors and administrators, doth covenant and agree to pay, or cause to be paid, to the said Eliza, her heirs or assigns, on the first day of January yearly, and for each year during the term aforesaid, the first payment to be in January next, the sum of forty-five dollars, or at and after the rate of forty-five dollars yearly and each year for and during so much of the term aforesaid as this lease may be and remain undetermined by the death of said Eliza, and that on the determination of this lease by lapse of time or otherwise, he will, and his heirs and assigns shall, quietly and peacefully surrender the possession of said premises to whomsoever may be lawfully entitled thereto."

*Edwards & Dickerman*, for the defendant.

*J. P. Sartle* and *W. D. Crane*, for the plaintiff.

The opinion of the court was delivered by

ROYCE, J. The lease executed by Harvey and Eliza Beecher, on the 18th day of July, 1863, to the defendant, gave the defendant the right to the exclusive possession and enjoyment of the premises described therein, for the full term of five years from that date. The crop of hay that the plaintiff claims to recover for in this action was raised on the premises, and was harvested by the defendant between the 9th and 16th days of July, 1868, and was removed from the premises on or before the date last named, two days before the expiration of the lease. The only covenants expressed in the lease, on the part of the defendant, are : that he should pay the rent in the manner therein stipulated, and that he would, on the termination of the lease, quietly and peacefully surrender the possession of the premises to whomsoever might be lawfully entitled thereto. The only additional ob-

ligation growing out of that lease, which it can be claimed the defendant was under, was the implied obligation to manage the premises, during said term, in a husbandlike manner, and the court have found the fact that it was good husbandry for the defendant to harvest the last crop at the time he did. There was no claim, on the part of the plaintiff, that there was any such ambiguity in the lease as would admit of parol explanation, or that it did not truly express the understanding of the parties to it. There was no reservation made in the lease of anything that might be produced on the premises during its continuance, and inasmuch as the right to the possession and enjoyment of the land carried with it the right to its products, we are unable to see why the defendant was not as much entitled to the last crop which he took from the land as to any other which was produced during his tenancy. If the plaintiff claims this crop by custom, it is sufficient for our present purpose to say that no such custom seems to have been shown. This view of the case renders it unnecessary for us to decide the other questions that are presented by the exceptions.

The judgment of the county court is reversed, and cause remanded.