# Townsend v. Brooks.

*Statutory Trial of Right of Property in Cotton.*

1. *Form and sufficiency of verdict; assessing value of property in controversy.*—On the trial of a statutory claim suit, the issue being found against the claimant, the statute requires that the jury must, " as far as practicable, assess the value of each article separately at the time of trial" (Code, § 3343); and where the property consists of several bales of lint-cotton, and several thousand pounds of seed-cotton, the value of each kind should be assessed separately, though it is not necessary that each bale should be assessed separately, when no difference in the quality of the cotton is shown.

2. *Form of judgment.*—The judgment, following the verdict, should specify the separate value of the several articles; and where the claim was interposed to property on which an attachment had been levied, the judgment should declare the property " subject to the levy of the attachment, and that it be condemned to the satisfaction of the judgment, if one is obtained;" but, when the levy is made under an execution, it is sufficient if the judgment declares that the property be " condemned to the satisfaction of the plaintiff's debt."

3. *Statutory lien of agricultural superintendent, as against purchaser of crops.*—The statutory lien of an agricultural superintendent, on the crops raised under his supervision during the year (Code, § 3482), must prevail against any purchaser with notice, actual or constructive; and if the purchaser has knowledge of the relation or employment of the superintendent, and of the fact that the crops were raised under his supervision during the year, he is chargeable with constructive notice of the lien.

4. *Sale in payment of debt; delivery, and agreed price.*—A delivery of personal property, in absolute payment of a debt, may pass the title, and consummate the contract, if so intended by the parties, although no specific price was agreed on; the law assuming that the price was to be fair and reasonable, or that it was to be the amount of the specific debt.

[Townsend v. Brooks.]

APPEAL from the Circuit Court of Limestone.

Tried before the Hon. II. C. SPEAKE.

The record in this case shows that, on the 17th February, 1883, Edward II. Brooks, the appellee, sued out an attachment against the crop of cotton raised under his supervision, during the year 1882, as superintendent of two plantations in said county, belonging to John B. McClellan ; that this attachment was levied by the sheriff, on the same day, on seventeen bales of cotton and about 4,800 pounds of cotton in the seed ; that a claim to this property was thereupon interposed by B. M. Townsend, claiming under a purchase from said McClellan, and bond given for a trial of the right of property ; and that an issue was thereupon made up between the parties, under the direction of the court, and submitted to a jury, who returned a verdict in these words: " We, the jury, find the issues in favor of the plaintiff, and assess the value of the property attached at the sum of eight hundred dollars ; " whereupon the court rendered judgment, " that the said property, to-wit, the cotton levied on under the attachment, be, and the same is hereby, condemned to the satisfaction of plaintiff's debt." The plaintiff claimed $500 as his wages under the contract with McClellan, but the record does not show that he had recovered a judgment in the attachment suit.

On the trial of the claim suit, a bill of exceptions was reserved by the claimant, which purports to set out all the evidence adduced. There was no dispute as to the plaintiff's contract of employment with McClellan, nor of the fact that the cotton in controversy was raised under his management and supervision, during the year 1882, on McClellan's plantation. Said McClellan, being introduced as a witness for the plaintiff, thus testified, on cross-examination by the claimant: " I sold my entire crop of cotton, produced upon said plantation in 1882, to Maj. B. M. Townsend, in payment of a debt of $6,000, or $7,000, which I owed him. I turned the crop over to him in October or November, 1882, and notified plaintiff that I had done so." The witness further testified, on re-examination by plaintiff : " I don't know whether you would call it a sale or not. I owed Townsend the debt. He had furnished the money with which to make the crop, and held a mortgage upon it. I found, in the fall of the year, that I could not gather my crop ; and I turned it over to said Townsend, in liquidation of the debt I owed him, and for which he held the mortgage. No price was agreed on at the time the crop was delivered to Townsend, and I do not now remember when he gave me credit for the cotton. Something was said about my owing Brooks, but I do not remember exactly what." A witness for the claimant, who, as his agent, took charge and control

[Townsend v. Brooks.]

of the crop on the plantation, in October, or November, 1882, under an order from McClellan, testified: "Plaintiff surrendered everything to me, without objection, and said nothing about McClellan owing him, nor about his having a lien on the crop for unpaid wages."

The claimant asked the following charges to the jury: 1. "If the jury find, from the evidence, that plaintiff delivered the cotton on McClellan's place, including the cotton now in controversy, to the claimant or his agent, without disclosing the fact that he had or claimed a lien upon it, then they should find for the claimant." 2. "If the jury find, from the evidence, that the cotton had been delivered by said McClellan to Townsend, prior to the levy of the attachment, in satisfaction of a debt due from said McClellan to said Townsond, then their verdict should be for the claimant." The court refused each of these charges, and the claimant excepted to their refusal.

The refusal of the charges asked, the insufficiency of the verdict and judgment, and other matters, are now assigned as error.

W. R. FRANCIS, for the appellant, cited Code, § 3343; 2 Brick. Digest, 171, § 129; 2 *Ib.* 481, § 102; *Seamans v. White*, 8 Ala. 656; *Shealy & Finn v. Edwards*, 73 Ala. 179; *Tuttle v. Walker*, 69 Ala. 174.

JAS. BENAGH, *contra*, cited *Hussey v. Peebles*, 53 Ala. 435; *Boswell & Woolley v. Carlisle, Jones & Co.*, 55 Ala. 554; *Hudson, Kennedy & Co. v. Vaughan*, 57 Ala. 612; *Lehman, Durr & Co. v. Warren & Burch*, 53 Ala. 538; *Dyer v. Abercrombie*, 57 Ala. 497; *Crosby v. Hutcheson*, 53 Ala. 5; 1 Brick. Digest, 796–7, §§ 11, 13, 19, 50, 54.

SOMERVILLE, J.—Upon a trial involving the right of property which is levied on by execution or attachment, the statute provides that, if the jury subject the property to the payment of the execution or debt, "they must, as far as practicable, assess the value, at the time of trial, of *each article separately.*"—Code, 1876, § 3343. The statute is the same in reference to actions of detinue, involving the recovery of property *in specie.*—Code, § 2944. These provisions are manifestly for the mutual benefit and protection of the parties litigant, in the event of a failure to produce any portion of the property which is condemned, or recovered *in specie*, as the case may be. The assessment of values must, as far as practicable, be sufficiently certain to enable the court to fix the liability of the party, who, being in possession of the property, makes default by failing or

refusing to have any part of it forthcoming in obedience to his legal duty.

We are of opinion that, under this rule, the verdict of the jury should have assessed separately the value of the *lint*-cotton, shown to be seventeen bales in number, and of the *seed*-cotton, shown to have been about forty-eight hundred pounds in weight. The various bales of cotton need not have been separately valued at so much per bale, unless the quality was of different classifications, and this is not shown to be the case by the evidence.—*Haynes v. Crutchfield*, 7 Ala. 189; *Backner v. Haggin*, 3 Monr. Rep. 59; *Bell v. Pharr, Ib.* 807. The judgment, following the verdict, is necessarily erroneous in the foregoing particular, and it must be reversed.

It is proper to add, that the form of the judgment, moreover, as shown by the record, is not precisely cerrect. It adjudges that the property levied on be "condemned to the satisfaction of the plaintiff's debt." If the levy had been under execution, where the amount of the debt was already reduced to judgment, no objection, perhaps, could be sustained to the judgment in its present form, so far at least as concerns this defect. It should properly have declared the property in controversy "subject to the levy of the attachment, and that it be condemned to the satisfaction of the judgment, if one is obtained."—*Seamans v. White*, 8 Ala. 656; *Langworthy v. Goodall, McLester & Co.*, at present term.

The principles of law which are to govern this case upon another trial, if the evidence remains unchanged, are few and simple.

If the plaintiff was a superintendent of defendant's plantation, having been employed by him for the current year, 1882, he would have a lien upon the crops grown or raised on such place during that particular year, in and about which he was employed, to the extent of his hire or wages due for services rendered during the current year in the capacity of an agricultural superintendent.—Code, § 3482. And this lien, which is given by statute, will prevail against any purchaser of such crops, unless it be a purchaser for value without notice of such lien.—*Scaife v. Stovall*, 67 Ala. 237.

Actual knowledge of the lien is unnecessary to charge such purchaser with notice. It is sufficient if he have knowledge of facts calculated to put him upon inquiry. And a knowledge by the purchaser of the relation between the landlord and superintendent—as employer and employee for the current year—and of the further fact that the cotton purchased was raised or grown upon the particular premises where the plaintiff was employed as such superintendent—a knowledge, we repeat, of these two facts, would be sufficient to charge the

[Sharp v. Sharp.]

purchaser with constructive notice of the existence of plaintiff's lien, as well as the extent of it.—*Lomax v. LeGrand & Co.*, 60 Ala. 537.

The evidence tends to show that the cotton was delivered, to the claimant, Townsend, in absolute payment of a debt due to him by the defendant, McClellan. If the intention of the parties was, that this act of delivery should pass the title, the sale might be complete, although no absolute price was agreed on between them. The law would assume, that the price was to be a fair and reasonable one; or, if the delivery was in payment of a specified debt, the amount of this debt would constitute the price.—*Shealy & Finn v. Edwards*, 73 Ala. 175. This sale, however, as we have before indicated, would avail nothing as against the plaintiff, if Townsend bought with notice, either actual or constructive, of the plaintiff's lien, as given him by the statute.

We need not criticize the charges of the court, in the light of these principles. The judgment must be reversed, for the error first suggested, which is accordingly done ; and the cause is remanded.