# Shows v. Brantley.

*Statutory Trial of the Right of Property.*

1. *Detinue; right of mortgagee of unplanted crop to maintain action.*—Under the statute (Code, § 1064), a mortgagee of an unplanted crop, executed on or after the first day of January of the year in which said crop is grown, conveys the legal title thereto in all respects as if such crop had already been planted; and the mortgagee in such mortgage can maintain an action of detinue to recover posession of the crops grown by the mortgagor.

2. *Same; conflicting claims between mortgagees.*—Where an action of detinue is brought by the mortgagee of an unplanted crop to recover the crop after it was gathered, an individual member of a partnership can not maintain a claim to the property sued for under a mortgage executed by the mortgagor of the plaintiff to the partnership subsequent to the execution of plaintiff's mortgage.

3. *Priority of mortgage and rent lien.*—Where, after the execution of a mortgage of an unplanted crop, the mortgagor sells the lands upon which the crop was agreed to be grown, and rents them from the purchaser, giving his rent notes, the lien of the landlord, upon the crop grown upon said lands, is subordinate to the claim of the mortgagee of the unplanted crop.

[Shows v. Brantley.]

APPEAL from the Circuit Court of Crenshaw.

Tried before the Hon. J. C. RICHARDSON.

The appellant, T. W. Shows, brought an action of detinue against J. G. Wilkins, R. H. Wilkins and Mariah Wilkins, to recover possession of 75 bushels of corn and 500 pounds of fodder. After the property sued for had been seized by the sheriff under a writ of detinue, the appellee, T. K. Brantley interposed his claim thereto, and upon the interposition of this claim, the statutory trial of the right of property was instituted, between Shows and Brantley. The facts adduced on the trial of the case are sufficiently stated in the opinion.

Upon the introduction of all the evidence, the court, at the request of the claimant, gave the general affirmative charge in his behalf. The court refused to give the general charge in favor of the plaintiff, which was requested by him.

To each of these rulings the plaintiff separately excepted. There were verdict and judgment for the claimant. The plaintiff appeals, and assigns as error the giving of the general affirmative charge requested by the claimant, and the refusal to give the general affirmative charge requested by the plaintiff.

RUSHTON & POWELL, for appellant, cited Code, §§ 4141, 4145; *Thompson v. Union Warehouse Co.;* 110 Ala. 499; *Mecklin v. Deming,* 111 Ala. 159.

BRICKEN & BRICKEN, *contra.*

HARALSON, J.—This suit, as appears, was by the plaintiff to recover possession of seventy-five bushels of corn and five hundred pounds of fodder, and was instituted against J. G. and R. H. Wilkins and Mariah Wilkins. He gave bond as provided under the statute for the purpose, and the sheriff, as directed by the clerk, levied on the property in the possession of defendants, and took the same into his posession.

The claimant, T. K. Brantley, by his attorney, made an affidavit, stating that the property had been levied

on as the property of J. G. and Mariah Wilkins, and that it was not the property to said J. G. and Mariah Wilkins, but was the property of *T. K. Brantley,* the claimant. The claim bond made the same recitals as to the property having been levied on as the property of J. G. and Mariah Wilkins.

The burden was on the plaintiff to show, that at the commencement of the suit, the defendants had the possession of the property sued for (3 Brick. Dig. 307, § 16) ; and this was done in this case. Formerly, when a trial of the right of property was not recognized in an action of detinue on a claim by a stranger, as is at present allowed, if the plaintiff in an action of the kind has never had the actual possession, he was required to show that he had the legal title in order to recover.—*Jackson v. Rutherford,* 73 Ala. 155; *Russell v. Walker, Ib.* 315. But, under the present statute (Code, § 1064), the mortgage of an unplanted crop, executed on or after the first day of January of the year in which such crops are grown, conveys the legal title thereto, as if such crops had already been planted. Prior to the adoption of that section, the statute (Acts 1886-7, p. 150; Code, § 4141), provided that the trial of the right of property should include any person who held a lien or equitable title to such property, and a mortgage of an unplanted crop had such title as authorized him to interpose a claim to, and try his right thereto, as though he owned the legal title.—*Ballard v. Mayfield,* 107 Ala. 396; *Patapsco Guano Co. v. Ballard, Ib.* 710. The plaintiff in this case proved, that his mortgage on the crops of 1898, raised on said lands, and a part of which was found and levied on while in the possession of defendants, was executed on the 4th of January, 1898, and was recorded on the 7th of that month. He also proved that the mortgage debt was still due and unpaid. This proof entitled him to a recovery, unless the claimant showed a superior title to the property.

The claimant attempted to show his superior title by introducing two mortgages, executed the one by J. G. Wilkins alone,—one of the defendants, of date Feb.

2, 1897,—not to the claimant, T. K. Brantley, but to
T. K. Brantley & Co. The effect of this mortgage was
to convey no more than the interest that J. G. Wil-
kins had in the crop, to Brantley & Co.; and the other,
of date April 21, 1897, by R. H. Wilkins and wife, Ma-
riah, to T. K. Brantley & Co., and not to claimant, T.
K. Brantley, the share of said R. H. Wilkins and wife
in said crops to said company. These two mortgages,
of J. G. Wilkins and of R. H. Wilkins and wife, exe-
cuted at different dates, and apparently to secure dif-
ferent debts, at most, conveyed from each of the mort-
gagors in the respective mortgages a lien or equitable
title to T. K. Brantley & Co., and not to T. K. Brant-
ley. It was not shown that T. K. Brantley did busi-
ness under the name of T. K. Brantley & Co., nor did
it appear that he had acquired said mortgages from
said partnership. So far, then, as the probative force
of these mortgages goes, they do not show title to the
crops in claimant, but in T. K. Brantley & Co., and on
them, without more from claimant, he was not, but
plaintiff was, entitled to the general charge.

The only other ground on which the claimant based
his right to a verdict, and the main one, as appears in
the brief of counsel, was the deed of R. H. Wilkins and
wife and J. G. Wilkins to T. K. Brantley, the claim-
ant, of date 28 March, 1898, conveying to him, in con-
sideration of $240, the lands on which said corn and
fodder were raised during that year. It was shown,
that this $240 was allowed as a credit to R. H. and J.
G. Wilkins on their account with Brantley & Co. on
March 28. However it may happen that Brantley & Co.
allowed one of the partners, T. K. Brantley, to use this
amount of partnership funds, to purchase land and
take title thereto in his own name, does not appear,
and, perhaps, is not material; but one thing is manifest,
that until the 28th of March, 1898, the date of the deed
of the Wilkins to claimant, he was not the individual
owner of said land, and as such, did not have under
the two mortgages to the firm of which he was a mem-
ber the exclusive ownership or claim to the crops
grown on the place in 1898. After that date, and by

[Mueller v. Mueller *et al.*]

virtue of his said deed, he does appear to have become the exclusive owner of said lands. He immediately rented the lands to J. G. and R. H. Wilkins for the year 1898, for $100, including the rent of a mare. For this, he took the rent note of said parties, payable on the 1st day of September, 1898, but took no mortgage to secure the same. His only right to lien on the crops to be raised during the year, was that of landlord. The plaintiff, at the time the claimant purchased the lands, held a mortgage from claimant's vendors on the crops to be grown there, during the year 1898, of which mortgage claimant had notice at the time he pur·hased. The right of plaintiff under his mortgage to the crops to be raised that year, was superior to the right of claimant thereto. The case in its essential features, is the same as *Mecklin v. Deming*, 111 Ala. 159.

The court erred in the charge given, and in refusing the one requested by plaintiff.

Reversed and remanded.