# Head *v.* Knox & Co.

### Trover and Assumpsit.

(Decided May 18, 1915.   Rehearing denied June 30, 1915.
69 South. 257.)

1. **Mortgages; Crops; Lien.**—Where the mortgagor executed to the mortgagee a conveyance of the land on which the mortgage was past due and thereafter the mortgagor rented the lands, and the mortgagee made advances to him as landlord, and the mortgagor sublet a portion of the premises, and after the crops were matured the mortgagee purchased them, paying cash and discharging the debt for rent and advances, under § 4899, Code 1907, the title of the mortgagee to the crops in excess of the mortgage debt was divested, and the crop mortgagee became entitled to it.

2. **Same.**—A mortgagee of crops is entitled to the surplus remaining after the lien of the mortgagor's lessor for rent and advances is discharged.

APPEAL from Andalusia City Court.

Heard before Hon. ED T. ALBRITTON.

Action by J. M. Head against J. L. Knox & Co. on the common counts and for damages for the conversion of the entire crop raised by F. H. Sandley and John Sandley during the year 1913. Judgment for defendants, and plaintiff appeals. Corrected and affirmed.

Head claimed under a mortgage executed by the two Sandleys on January 16, 1913, covering their live stock and the entire crops to be raised by them during the years 1913, 1914, and 1915 in Covington county. It appears further that F. H. Sandley was a son of John Sandley and a tenant of said John Sandley during the year 1913. It further appears that John Sandley in 1912 executed a mortgage on his lands in Covington county to J. L. Knox & Co., and in January, 1913, said Sandley conveyed the land covered by said mortgage to J. L. Knox & Co., and immediately rented said land from Knox & Co., who also claimed to have furnished said Sandley advances to make a crop during the year 1913.

JONES & POWELL, for appellants. POWELL & ALBRITTON, for appellee.

BROWN, J.— (1) The only claim asserted by the plaintiff (appellant here) was under the mortgage executed by F. H. and John Sandley to him, bearing date January 16, 1913, and under which plaintiff advanced to F. H. Sandley, to aid him in making a crop during the year 1913, and the only theory upon which the judgment of the trial court can be justified is that Sandley, by the execution of this mortgage, created a valid lien upon the crops to be grown by F. H. Sandley during the year 1913.

The defendants' theory of the case is that the sale and conveyance on January 24, 1913, of the land upon which John Sandley and his wife had given a mortgage to the defendants in 1912, and which was then past due, operated as a foreclosure of that mortgage (*Dennis v. McEntyre Mercantile Co.*, 187 Ala. 314, 65 South. 774), and that on the same date, and as a part of the same transaction, defendants rented the lands to John Sandley and made advances to him as landlords, and that they had a lien on the crops grown on the rented premises by virtue of the relation as landlords and tenant, and also by virtue of the mortgage

executed by the elder Sandley to defendants in January, 1913; that after the defendants leased the lands to John Sandley he sublet a part of them to F. H. Sandley.

There is no evidence that defendants made advances to F. H. Sandley, or that F. H. Sandley owed the defendants anything on account or otherwise. It was, however, shown that by arrangements between John and F. H. Sandley, F. H. Sandley was to pay for a portion of the fertilizer used on the part of the lands cultivated by him, the fertilizer used being a part of the fertilizer furnished by defendants to John Sandley and charged to him on his account. The evidence shows without dispute that after the crops matured the defendants purchased the crops of John Sandley, paying as the consideration of the purchase $25 in cash, and the satisfaction of the indebtedness due from John Sandley to the defendants for rent and advances. The effect of this transaction was to satisfy the defendants' claim for rent and advances, and destroy both the lien created by law and that created by the mortgage given by John Sandley to secure said indebtedness, and release the interest of F. H. Sandley from such incumbrance.— Code, § 4899; *Foster v. Smith,* 104 Ala. 248, 16 South. 61.

(2) The evidence is conclusive that the value of F. H. Sandley's interest in the crops covered by the plaintiff's mortgage, which was converted by the defendants to their own use, was in excess of the amount due on the plaintiff's mortgage, which is shown to be $108.30. The plaintiff was therefore entitled to a judgment for this sum.—*Karter v. Fields,* 130 Ala. 430, 30 South. 504.

In disposing of the case we have reviewed the evidence as required by section 18 of the act establishing "the Andalusia city court of law and equity for Covington county" (Loc. Acts 1911, p. 315), and, as authorized by that act, the judgment of the trial court will be corrected, and judgment here rendered for the amount of $108.30, and as thus corrected will be affirmed, at the costs of appellees.

Corrected and affirmed.