(77 South. 970)

FRISHKORN v. OGDEN.    (1 Div. 255.)

(Court of Appeals of Alabama. Jan. 15, 1918.)

**1. LANDLORD AND TENANT ☞139(1)—LEASE —GROWING CROPS.**

A lease transfers to the lessee the right to the unmatured vegetable products growing upon the land at the time, unless they are expressly excepted from its operation.

**2. PLEADING ☞140—TIME FOR FILING—SET-OFF.**

In assumpsit for a balance due on rent and for an indebtedness for advances made defendant with which to make a crop, where defendant offered to show the removal by plaintiff of certain crops, and plaintiff objected on the ground that there was no plea of set-off, and defendant, with the permission of the court, filed plea of set-off, the objection was properly overruled.

**3. NEW TRIAL ☞97—SURPRISE—SET-OFF — FILING DURING TRIAL—WAIVER.**

If, by filing of plea of set-off during trial, plaintiff was placed at a disadvantage by not being prepared to meet the defense, he should have made the fact known to the court at the time, and could not remain silent, and afterwards, on motion for new trial, plead surprise.

Appeal from Circuit Court, Baldwin County; A. E. Gamble, Judge.

Assumpsit by Adam Frishkorn against W. L. Ogden. From a judgment for defendant, plaintiff appeals. Affirmed.

The action seems to be for the balance due on rent, and for an indebtedness for advances made defendant with which to make a crop. The pleas were the general issue and set-off for the balance due for certain oranges, hay, corn, and sweet potatoes, the property of defendant, which was converted by plaintiff to his own use. Plaintiff introduced written lease executed between him and defendant, Ogden, dated July 18, 1914, to expire December 31, 1915, at an annual rental of $200, the defendant to care for all the fruit trees and nut trees on the premises and to keep them hoed and free from grass

at all times during the term of the lease. It appears that the $200 rent was paid in advance. The court instructed the jury at the request of defendant that under the written lease all crops then growing on the land belonged to the lessee, Ogden. Defendant offered to show the removal by the lessor of certain crops, and objection was made on the ground that there was no plea of set-off. Counsel for defendant then asked permission to interpose such a plea, which was granted, and objection was overruled, and the evidence as to the removal of the crops was permitted to go to the jury. This is made the basis of the third assignment of error.

S. C. Jenkins, of Bay Minette, and D. B. Cobbs, of Mobile, for appellant. Joseph N. McAleer and Jas. H. Kirkpatrick, both of Mobile, for appellee.

BROWN, P. J. [1] It is well settled that a lease, like any other conveyance of a present estate in land, transfers to the lessee the right to the unmatured vegetable products growing upon the land at the time, unless they are expressly excepted from its operation. 2 Tiffany, Landlord & Tenant, § 249; Edwards v. Perkins, 7 Or. 149; Willey v. Conner, 44 Vt. 68; Emery v. Fugina, 68 Wis. 505, 32 N. W. 236. Under the rule the crops passed to the lessee, Ogden.

[2] The only objection to the question made the basis of the third assignment of error was met by the defendant, with permission of the court, filing the plea of set-off, and the objection was properly overruled.

[3] If by filing the plea of set-off during the trial the plaintiff was placed at a disadvantage by not being prepared to meet this defense, the fact should have been made known to the court at that time. He could not remain silent and take his chance, and afterwards, on motion for new trial, plead that he was surprised.

There is no error in the record.

Affirmed.