(81 South. 140)

LAMAR v. JOHNSON.   (2 Div. 179.)

(Court of Appeals of Alabama.   Jan. 14, 1919.)

1. APPEAL AND ERROR ⊜931(1), 1008(2) — FINDING BASED ON CONFLICTING EVIDENCE —REVIEW.

Where the only conflict in the evidence was as to one issue of fact, *held* that issue would be treated as determined in favor of defendant appellee, and finding of trial court on the issue, jury having been waived, not disturbed on appeal.

2. MORTGAGES ⊜199(1) — RENTS AND PROFITS.

Until the mortgagee actively intervenes for the purpose of intercepting the rents, incomes, and profits of mortgaged real estate, even after default in the payment of the mortgage debt, they belong to the mortgagor.

3. MORTGAGES ⊜187, 197—TENANT AT WILL —TITLE TO CROP.

In the absence of notice to quit possession or other steps by mortgagee to recover possession, the mortgagor is not a wrongdoer or trespasser, but a mere tenant at will of the mortgagee, entitled, under Code 1907, § 4733, to claim the fructus industriales or emblements, if the crop is sown before notice to quit by the mortgagee.

4. LANDLORD AND TENANT ⊜239—LIEN FOR RENT.

The landlord's lien for rent is a creature of the statute, and only exists when crops are grown "on rented lands," and is dependent upon contractual relation of landlord and tenant. Code 1907, § 4734.

5. CHATTEL MORTGAGES ⊜138(3) — LANDLORD'S LIEN—PRIORITY OF MORTGAGE LIEN.

Where, notwithstanding default in payment of indebtedness secured by real estate mortgage, mortgagor remained in possession, planted a crop, and gave a mortgage thereon to defendant, defendant's mortgage conferred upon him, as to the debt secured, a title and lien superior to the landlord's lien conferred upon the real estate mortgagee by subsequent foreclosure of the real estate mortgage and rental of premises to mortgagor.

Appeal from Circuit Court, Dallas County; B. M. Miller, Judge.

Action by Ernest Lamar against J. H. Johnson. From the judgment rendered, plaintiff appeals. Reversed and remanded.

Reese & Reese, of Selma, for appellant.

Pettus, Fuller & Lapsley, of Selma, for appellee.

BROWN, P. J. This is an action by the appellant against the appellee to recover the proceeds of three bales of cotton raised by one Golson on a farm near Burnsville in Dallas county, known as the Palmer tract. The trial was by the court without the intervention of a jury, and without regard to the special pleadings in the case, the record containing the following statement:

"Both parties consented in open court that trial by jury be waived, and that the complaint be considered as amended to state a cause of action, and that said cause be tried on a plea of the general issue by consent in short for defendant to introduce any evidence admissible under any special plea."

[1] There was only one conflict in the evidence, and that was with respect to whether the defendant agreed with Golson to pay the rent due from Golson to Lamar. This issue of fact must be treated as determined in favor of defendants by the trial court, and under the rules established for reviewing such questions, this record does not warrant us in disturbing the finding of the trial court on this issue of fact. Mulligan v. State, 15 Ala. App. 205, 72 South. 761; Hackett v. Cash, 196 Ala. 403, 72 South. 52.

The mortgage executed by Golson to defendant in April, 1916, so far as is here pertinent, describes the property covered by that instrument thus:

"And to secure the payment of the above note, as well as all else that said Johnson may advance to me in any manner whatever under this instrument, I hereby grant, bargain, sell and convey unto the said J. H. Johnson the entire crop raised by or for me in which I may have any interest during the year 1915, and each succeeding year thereafter until this is paid, in Perry county, Alabama."

⊜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

This description clearly does not cover crops grown in Dallas county, and the defendant cannot justify under it. This brings us to the question in the case: Did Lamar have a lien, as landlord of Golson, on the crops produced by Golson in Dallas county during the year 1915, superior to the right and title of Johnson, under his mortgage executed by Golson in May, to secure him for advances made to said Golson?

[2-4] Golson in the fall of 1914 made default in the payment of the indebtedness secured by the real estate mortgage held by Lamar, and the evidence shows that, notwithstanding this default, he remained in possession and occupancy of the land up until July, 1915, without any active assertion of the real estate mortgagee, Lamar, of his right to the possession of the land, or steps to intercept and claim the rents and profits thereof. It was while Golson was thus in possession, and after the crop for the year 1915 had been planted, that he executed to Johnson the mortgage on his crop. The rule is well established in this state that until the mortgagee actively intervenes for the purpose of intercepting the rents, incomes, and profits of mortgaged real estate, even after default in the payment of the mortgage debt, these belong to the mortgagor. Ala. Nat. Bank v. Mary Lee Coal & Railway Co., 108 Ala. 293, 19 South. 404; Comer v. Sheehan, 74 Ala. 452. In the absence of notice to quit possession or other steps by the mortgagee to recover possession, the mortgagor is not a wrongdoer or trespasser, but is a mere tenant at will of the mortgagee, and as such is entitled to claim the fructus industriales or emblements, if the crop is sown before notice to quit by the mortgagee. Code 1907, § 4733; Welsh v. Phillips, 54 Ala. 309, 25 Am. Rep. 679; Sadler et al. v. Jefferson et al., 143 Ala. 669, 39 South. 380; Tiffany's Landlord and Tenant, p. 118, § 13, par. 6. This right is based upon the justice of assuring to the tenant compensation for his labor, and also upon a matter of public policy, to encourage husbandry. Tiffany's Landlord and Tenant, p. 1631, § 351. Therefore, whatever other rights the mortgagee may have, the statute does not give him a lien on the crops produced by the mortgagor under such circumstances. The landlord's lien for rent is a creature of the statute, and only exists when the crops are grown "on rented lands," and is dependent upon a contractual relation of landlord and tenant. Code 1907, § 4734; Bain v. Wells, 107 Ala. 562, 19 South. 774; Nelson v. Webb, 54 Ala. 436.

[5] The mortgagor, Golson, being entitled to the crops of 1915 free from any lien in favor of the mortgagee of the realty, had the right to give a mortgage on them to Johnson, and his mortgage so given conferred upon Johnson a superior title and lien to that created in favor of Lamar, the real estate mortgagee, by the subsequent transaction, effecting a foreclosure of the real estate mortgage, and a rental of the premises to Golson. Mecklin v. Deming, 111 Ala. 162, 20 South. 507; Shows v. Brantley, 127 Ala. 352, 28 South. 716. In the transaction through which a foreclosure was effected by deed, the mortgagor reserving to himself therein the statutory right of redemption, and in and as a part of the same transaction renting the land and executing his note therefor, was a recognition by Lamar of the right and title of Golson to the crops then growing on the premises. Frishkorn v. Ogden, 77 South. 970.[1] The result is that the plaintiff could not recover so much of the proceeds of the cotton delivered to Johnson by Golson as was required to satisfy the debt secured by the mortgage of May 20, 1915, but under the foreclosure arrangement of July 29, 1915, between plaintiff and Golson, the contractual relation of landlord and tenant between Lamar and Golson was established, out of which the statute raises a lien in favor of the landlord, subordinate to the incumbrance previously created on the crop, and Lamar was entitled to recover the balance over and above what was necessary to satisfy the mortgage of date May 20, 1915, held by the defendant. Head v. Knox & Co., 14 Ala. App. 221, 69 South. 257; Karter v. Fields, 130 Ala. 430, 30 South. 504.

While the proceeds arising from the three bales of cotton were in excess of Johnson's mortgage, the record does not show when the money was paid to Johnson. This data is necessary to the ascertainment of the amount plaintiff would be entitled to recover, and therefore the judgment will be reversed, and the cause remanded.

Reversed and remanded.