(86 South. 95)

### GRAY v. BURDETTE. (5 Div. 311.)

(Court of Appeals of Alabama. April 13, 1920. Rehearing Denied May 12, 1920.)

1. APPEAL AND ERROR ⚖=628(1) — APPEAL NOT DISMISSED FOR SLIGHT DELAY IN FILING OF TRANSCRIPT.

Where slight delay in filing transcript was not due to negligence of appellant, and where the case was submitted at the first call of the division after the appeal had been perfected, the appeal will not be dismissed.

2. AGRICULTURE ⚖=15—PROOF HELD TO ESTABLISH PRIMA FACIE CASE IN ACTION TO ENFORCE AGRICULTURAL LABORER'S LIEN.

In suit by attachment to enforce lien of agricultural laborer, under Code 1907, § 4795, testimony that plaintiff worked for defendant under a contract of employment on land, where the corn levied on was grown in the year during which such contract was made, and that plaintiff had not been paid for services, held to establish prima facie case.

3. CHATTEL MORTGAGES ⚖=12—MORTGAGE ON FUTURE CROPS ON LAND IN WHICH MORTGAGOR HAD NO INTEREST INVALID.

Mortgage on crops to be grown on certain land, executed at the time when mortgagor had no leasehold or other interest in such land, was invalid; the corn to be grown having no potential existence.

4. CHATTEL MORTGAGES ⚖=139—HOLDER OF AGRICULTURAL LABORER'S LIEN HELD ENTITLED TO PRIORITY OVER MORTGAGEE WITH NOTICE.

Holder of laborer's agricultural lien, under Code 1907, § 4795, was entitled to priority over mortgagee of crops, who took mortgage with notice of the relation existing between laborer

---

⚖=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

and mortgagor. or of such facts as to put him on notice.

Appeal from Circuit Court, Tallapoosa County; S. L. Brewer, Judge.

Attachment by W. H. Burdette against T. J. Denny to enforce the laborer's lien, with claim by William Gray for the property levied on. Judgment for plaintiff, and claimant appeals. Affirmed.

Certiorari denied 204 Ala. 358, 86 South. 96.

The following charges in writing were requested by the claimant, and were refused:

(1) and (2) Affirmative instructions to find for claimant.

(3) The court instructs the jury that the mortgage by T. J. Denny to William Gray, of date March 2, 1917, conveyed to William Gray the legal title to the corn, which was superior to any lien of the plaintiff.

D. W. Crawford, of Dadeville, for appellant.

The motion to dismiss should not prevail. 16 Ala. App. 654, 81 South. 146; 203 Ala. 115, 82 South. 129. This action is based on section 4795, Code 1907, which creates no lien, except for services in and about the cultivation of the crop, and the authorities in 76 Ala. 308, and 84 Ala. 80, 4 South. 19. cannot be held to extend to services rendered after cultivation had ceased.

Thos. L. Bulger, of Dadeville, for appellee.

The appeal should be dismissed. Acts 1919, p. 84; sections 2870 and 2849, Code 1907; 161 Ala. 317, 49 South. 801; 175 Ala. 314, 57 South. 374; 139 Ala. 318, 35 South. 1006. The first mortgage created no lien. 188 Ala. 389, 66 South. 460. The lien was created prior to the taking of the second mortgage, and the mortgagee had knowledge of the fact. 76 Ala. 308; 67 Ala. 238.

BRICKEN, P. J. This case was submitted on motion of appellee to dismiss the appeal, and at the same time submission was had upon the merits.

[1] Motion to dismiss the appeal must be denied; it clearly appearing that the slight delay in filing the transcript was not due to the negligence of appellant, and the submission here was had at the first call of the division after the appeal had been perfected.

On the Merits.

Appellee, plaintiff below, brought his suit by attachment against one T. J. Denny to enforce his lien as an agricultural laborer under Code 1907, § 4795, and the attachment was levied upon 80 or 100 bushels of corn. The appellant interposed a claim for the corn, and a trial of the rights of property

17 ALA.APP.—28

was had, resulting in a judgment for plaintiff.

[2] The assignments of error relate to the action of the court in refusing to give three charges requested in writing by the appellant and in overruling his motion for a new trial. The testimony of plaintiff tended to show that he worked for the defendant under a contract of employment which was made in January, 1917, and worked on the lands where the corn was grown in 1917, that the corn levied on was grown in 1917, and that he had not been paid for his services. This proof, in addition to the other proof offered by the plaintiff, made out a prima facie case for plaintiff.

[3] The claimant relied upon two mortgages executed by the defendant, T. J. Denny; one executed on January 10, 1916, conveying the crops for the year 1916, "or each succeeding year thereafter until the said debt is paid in full." The evidence shows that, at the time this mortgage was executed, Denny, the mortgagor, had no leasehold or other interest in the lands upon which the corn was grown, that therefore the corn "to be grown" had no potential existence, and that the mortgage was invalid so far as a conveyance of the corn was attempted. Sellers & Orum v. Hardaway, 188 Ala. 389, 66 South. 460. The other mortgage relied upon by claimant was executed March 2, 1917. There was testimony from which the jury could find that the claimant had notice of the relation existing between Denny and Burdett, or of such facts as to put him on notice, at the time that the mortgage was executed.

In Townsend v. Brooks, 76 Ala. 308, the Supreme Court, in construing section 3482 of the Code of 1876, which is the same as section 4795 of the Code of 1907, said:

"If the plaintiff was a superintendent of defendant's plantation, having been employed by him for the current year, 1882, he would have a lien upon the crops grown or raised on such place during that particular year, in and about which he was employed, to the extent of his hire or wages due for services rendered during the current year in the capacity of an agricultural superintendent. Code, § 3482. And this lien, which is given by statute, will prevail against any purchaser of such crops, unless it be a purchaser for value without notice of such lien. Scaife v. Stovall, 67 Ala. 237. Actual knowledge of the lien is unnecessary to charge such purchaser with notice. It is sufficient if he have knowledge of facts calculated to put him upon inquiry; and a knowledge by the purchaser of the relation between the landlord and superintendent, as employer and employé for the current year, and of the further fact that the cotton purchased was raised or grown upon the particular premises where the plaintiff was employed as such superintendent—a knowledge, we repeat, of these two facts, would be sufficient to charge the purchaser with constructive notice of the

existence of plaintiff's lien, as well as the extent of it."

[4] There was no error in refusing to give the charges requested by appellant, nor was there error in overruling the motion for a new trial.

The judgment of the circuit court is affirmed.

Affirmed.