(86 South. 96)

## Ex parte GRAY.

## GRAY v. BURDETTE. (5 Div. 761.)

(Supreme Court of Alabama. June 10, 1920.)

**1. Certiorari ⚷68—Supreme Court will not review findings of Court of Appeals.**

The Supreme Court, exercising its revisory power, under Const. 1901, § 140, over the proceedings, judgments, etc., of the Court of Appeals, will not review the findings of fact made by such court, or the application of the law to the facts as found by it.

**2. Agriculture ⚷11—Laborers entitled to lien for gathering, as well as cultivating, annual "crop."**

Under Code 1907, § 4795, agricultural laborers and superintendents of plantations are entitled to lien, not only for labor and services rendered in the cultivation of crops during the current year, but also for labor in gathering or harvesting such crops, despite section 4792; a "crop" being some product of the soil gathered during a single year.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Crop.]

Certiorari to Court of Appeals.

Petition by William Gray for certiorari to the Court of Appeals to review and revise the judgment and decision of said court rendered on the appeal in the case of William Gray v. W. H. Burdette, 86 South. 95. Writ denied.

D. W. Crawford, of Dadeville, for petitioner.

The Court of Appeals erroneously construed the provisions of section 4695, Code 1907, in holding that it applied, not only to the cultivation, but also to the finishing of the crop. 84 Ala. 80, 4 South. 19.

Thomas L. Bulger, of Dadeville, opposed.

The only review permitted here is the proper construction of the statute, and the opinion of the court is a sufficient answer to the contention of petitioner.

McCLELLAN, J. [1] Since this court, in the exercise of its revisory power (Const. § 140) over the proceedings, judgments, etc., of the Court of Appeals, will not review the findings of fact made by that court, or the application of the law to the facts found by that court (Ex parte Steverson, 177 Ala. 384, 389, 58 South. 992, and Ex parte Barrett Shipping Co., 196 Ala. 655, 72 South. 259, among others), the only question that may be considered on the hearing of this application for certiorari is the construction of Code, § 4795, which, as presently pertinent, reads:

"Agricultural laborers and superintendents of plantations shall have a lien upon the crops grown during the current year in and about which they are employed, for the hire and wages due them for labor and services rendered by them in and about the cultivation of such crops under any contract for such labor and services. * * *"

It is insisted, in effect, in brief for the petitioner, that the only basis for the lien is labor and services rendered in and about the cultivation, not the gathering or harvesting, of the crops contemplated by the statute; and in support of the contention it is pointed to that Code, § 4792, particularly mentions the process of gathering the crop, whereas section 4795 does not expressly prove the lien for the services rendered in gathering the crops. Such a construction of section 4795 is too narrow. The subject of the lien is the "crop grown during the current year." A crop has been defined as "some product of the soil gathered during a single year." The etymology of the word confirms the correctness of the definition quoted. 2 Words and Phrases, First Series, p. 1755; 1 Words and Phrases, Second Series, p. 1158. Upon occasion, according to the circumstances and the textual connection, the word includes crops in process of growth, prior to harvest. The statutory phrase, "crops grown during the current year," signifies the garnered product of the year's culture. The design of the statute could only be accomplished by so interpreting that phrase; the lien being imposed upon the result, the product of the culture during the current year, and not upon the growth at an earlier stage in Nature's progress to fruition. The labor or service for which the lien is thus given must be rendered "in and about the cultivation of such crops"—the phrase "such crops" effecting to refer the labor or service contemplated to the "crops grown during the current year," as interpreted above. In such a connection the word "cultivation" cannot be read to the limited effect of restricting this condition to the right to the lien to the mere process of tilling the soil in raising a crop of corn in this state.

[2] As employed in this statute, cultivation includes every element that goes to the production and through the harvesting of a "crop grown during the current year." It is not reasonable to suppose that the lawmakers intended to restrict the service for which the lien is given to the mere working of the plant or the soil about it, through its stages of seeding and culture, with the result that no lien should be provided for the final act of garnering the matured product. The Court of Appeals proceeded in accordance with this construction of the statute; hence there is no merit in the contention for error in that court's action in any particular that depended for its propriety upon a construction of the statute (section 4795).

The writ is denied.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.