## SMITH v. HALEY. (8 Div. 591.)

(Supreme Court of Alabama. Nov. 15, 1923.)

Chattel mortgages ⚖══138(1)—Lien of farm laborer not superior to that of prior crop mortgage.

The lien of a farm laborer, under Code 1907, § 4795, is not superior to that of a prior recorded mortgage embracing crops to be grown during the ensuing year.

Appeal from Circuit Court, Franklin County; Chas. P. Almon, Judge.

Action by J. V. Smith against J. L. Bishop, with intervention by Wallace Haley, as claimant. From a judgment for claimant, plaintiff appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

W. L. Chenault, of Russellville, for appellant.

The statute gives to the laborer a lien superior to all others, except landlord's lien for rent and lien for supplies furnished. Code 1907, § 4795. A mechanic's lien is superior to the lien of a mortgage to the extent of the increased value of the property. Christian & Craft v. Kling, 121 Ala. 292, 25 South. 629; Magnolia Co. v. Malone Co., 202 Ala. 157, 79 South. 641; Climax Co. v. Bay City Co., 163 Ala. 654, 50 South. 935.

Chester Tubb, of Haleyville, for appellee.

One can create a lien on property to the extent only of his interest. Alexander v. Mobile Auto Co., 200 Ala. 586, 76 South. 944; Mauldin v. Armistead, 14 Ala. 702; 6 Mayfield's Dig. 550. Claimant's mortgage lien was superior to the laborer's lien. Gray v. Burdette, 17 Ala. App. 432, 86 South. 95; Id., 204 Ala. 358, 86 South. 96.

GARDNER, J. One Bishop was the owner of the lands on which the crops of 1921 here involved were raised. On January 5, 1921, he executed a mortgage to appellee, Wallace Haley, which embraced the crops to be grown during that year. This mortgage was duly recorded on the day following its execution (January 6, 1921). In March, 1921, said Bishop employed the appellant, J. V. Smith, as a farm laborer. Smith worked the crops for four months, at the end of which time there was a balance due him of $65, which sum not being paid, he filed an attachment suit to enforce his lien, under section 4795 of the Code of 1907. Haley, the mortgagee, interposed a claim to the crop, and the judgment in the circuit court was in favor of the claimant. From this judgment the plaintiff in the attachment suit has prosecuted this appeal.

There is no question as to the validity and good faith of the mortgage to Haley on the crops here involved, or that the legal title thereto passed to the mortgagee under said mortgage. It was duly recorded some few months before the plaintiff in this action was employed by Bishop, the owner of the land. It is insisted by counsel for the appellant that the lien of the farm laborer should be given superiority over this recorded mortgage, and that is the sole question here presented for review.

We are of the opinion this contention is not well taken. While it does not appear that this question has been previously presented to this court, yet the reasoning in analogous cases fully sustains the conclusion which we have reached. As was pointed out in Alexander v. Mobile Auto Co., 200 Ala. 586, 76 South. 944, it is the general rule that one can create a lien on property to the extent only of his interest therein, and that this lien will not ordinarily affect the rights of others or of other incumbrancers. See, also, 6 Mayfield Dig. 550. In Wimberly v. Mayberry, 94 Ala. 240, 10 South. 157, 14 L. R. A. 305, the court quotes with approval from Welch v. Porter, 63 Ala. 232, as follows:

"To hold that a subsequent contractor or materialman could acquire a lien, which would take precedence over an intervening incumbrance, * * * would shock the moral sense of the profession, and fail to carry out the intention of the Legislature."

This expression also found approval in the more recent case of Leahart v. Deedmeyer, 158 Ala. 295, 48 South. 371. The opinion in the Wimberly Case, supra, indicates that a construction as here contended for would render such statute of doubtful constitutional validity, but that question was passed without decision as being unnecessary; nor is there any occasion for a consideration of any constitutional question presented upon this appeal. No provision of the statute attempts to give such superiority of the lien of the farm laborer over a prior recorded mortgage as here disclosed; nor do we find any foundation for a contrary construction of the statute.

The mechanic's lien, given superiority over the mortgage as to the increased value of property due to the improvements made by the lienor, finds no analogy in the instant case, as the decisions dealing upon that question were construing the statute which contained language entirely different from section 4795. The reasoning of the Court of Appeals in Murphy v. Farmers' Union Warehouse Co., 4 Ala. App. 439, 58 South. 667, as well also in Gray v. Burdette, 17 Ala. App. 432, 86 South. 95; Id., 204 Ala. 358, 86 South. 96, would likewise lead to the conclusion which we have reached.

We are of the opinion that the trial court correctly ruled in holding that the plaintiff's lien was not superior to the prior recorded

⚖══For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

mortgage in this case, and the judgment rendered will accordingly be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.