149 So. 230

**FIRST NAT. BANK OF STEVENSON v. CRAWFORD et al.**

**8 Div. 698.**

Court of Appeals of Alabama.
May 16, 1933.

Rehearing Denied June 6, 1933.

Proctor & Snodgrass, of Scottsboro, for appellant.

Ernest Parks, of Scottsboro, for appellees.

464

RICE, Judge.

This is a detinue suit brought by appellant against appellees, seeking the recovery of certain corn and hay, shown to be the specific corn and hay paid by tenants as "rent" for the use of certain lands during the year 1931. The lands were those belonging, up until January 14, 1931, to one Ridley. During the fall of 1930, he rented same to the "tenants" above, for the year 1931. On January 9, 1931, Ridley executed to appellant, as security for his note of the same date, due *March 13, 1931*, a mortgage conveying "unincumbered property, as follows: My entire 1931 crop. Our entire crops of corn, cotton and produce, and all rents accruing to us for the year 1931," etc.

On January 14, 1931, Ridley executed a deed conveying to appellees the full title to the lands in question.

The "tenants," with or without attornment, etc., paid to appellees the corn and hay involved in this suit as "rent" for the above lands for the year 1931.

Appellant's "mortgage" was properly of record, etc., when the deed to appellees was executed, etc.

The case was tried before the court sitting without a jury, and his judgment purports to find in favor of appellant for only a part of the said corn and hay. Both sides were displeased, and both appeal. Appellant bank first moves to strike, etc., "cross-appellants" (defendants below) "bill of exceptions." But we deem this motion unimportant, for the reason it appears "appellees," or "cross-appellants," *do* appeal; and the bill of exceptions duly presented, etc., by appellant is *identical* with that offered by appellees—so far as the testimony in the case is concerned. And, our jurisdiction being properly invoked, etc., it becomes, as we understand it, our duty to "review the conclusions of fact reached by the judge trying the case * * * on the same basis that the verdict of a jury will be reviewed, when a motion is made to set aside the verdict as being contrary to the weight of the evidence." And to "render such judgment in the cause as the court below should have rendered, or reverse and remand the same for further proceedings in the circuit court, as * * * (we) may deem right." Thornhill v. Gulf Coast Produce Exchange, 219 Ala. 251, 121 So. 912, 913; McCreless v. State, 24 Ala. App. 229, 133 So. 313; and Code sections mentioned in the two cases cited. So the one bill of exceptions properly before us will serve all needful purposes.

The complaint consisted of but a single count, claiming of the defendants "the following personal property, viz.: 200 bushels of corn and 55 bales of hay, *being a part of the crop of J. A. Ridley for the year of 1931*," etc. (Italics ours.)

We have reached the conclusion that appellant was not entitled to recover in the suit, for the following reasons:

In the first place, we do not believe that our statute (Code 1923, § 9008) was intended to abrogate the principles of the common law to any greater extent than was necessary to give force to the express terms of said legislative enactment. And we are of the opinion that, while a "mortgage of unplanted crops of agricultural products, executed on or after the first day of January of the year in which such crops are grown, conveys the legal title thereto," etc. (Code 1923, § 9008, supra), yet the clear legislative intention, in making this the law, was that this was to be true when, and only when, said "crops" had a potential existence. That seems to us to be demonstrated by a study of the decisions of the Supreme Court—too numerous to be here cited—dealing with validity, etc., vel non, of so-called "crop mortgages," both before and after the enactment of our statute on the subject in its present form.

If our impression, gained as indicated, be correct, and we think it is, then a mortgage on an unplanted crop, said mortgage being executed on January 9, 1931, and being due, etc., on *March 13, 1931*, covering and conveying all of mortgagors' "crops of corn, cotton and produce" for said year of 1931, must, of necessity, be a nullity as to said "crops," because we judicially know that they could not be in existence, i. e., in the form stated in said mortgage, on said *March 13, 1931*. See 5 R. C. L. pages 403, 404 and 405.

In the second place, whatever may have been appellant's rights, etc., as to this "rent," etc. (Herren v. Burns et al, 217 Ala. 692, 117 So. 417), the suit *here* is for certain specific property, *"being a part of the crop of J. A. Ridley for the year of 1931."* (Italics ours.)

A "crop" has been defined by our Supreme Court to be "some product of the soil gathered during a single year." Ex parte Gray (Gray v. Burdette), 204 Ala. 358, 86 So. 96. And we think it clearly understood that a reference to a certain person's "crops" would mean those "products of the soil gathered during a single year" as a result of *that* person's labor and efforts, either directly, or by and through that one's own "agents; servants, or employees"—in clear contradistinction from *rents*, which might be collected either in cash or in produce, accruing to that one during the said certain year.

As a consequence, the suit here being specifically, as noted, for "a part of the *crop* of J. A. Ridley (the same Ridley referred to in the opening paragraphs, and any other paragraph, of this opinion) for the year of 1931," and it being without dispute, as it is, that said Ridley *made no crop*, but left the state,

immediately after the execution of the above-mentioned deed to appellees, during said year 1931, it is clear to us that appellant's suit must fail.

Let the judgment of the lower court therefore be reversed, and one here rendered in favor of defendants (appellees) for all of the property sued for.

Reversed and rendered.

SAMFORD, Judge.

Presiding Judge BRICKEN and the writer both concur in the conclusion reached by Judge RICE and that the judgment must be reversed and one be here rendered. But we do not agree that the mortgage of the crops to be grown during the year 1931, which mortgage is dated January 9, 1931, and due and payable March 13, 1931, is a "nullity" as to the crops described in said mortgage. J. A. Ridley was the owner and in possession of the lands upon which the crops were to be grown, at the time he made the mortgage to the bank on January 9th. On January 14th he conveyed the land to his daughters and left the possession to them. Had Ridley cultivated the land, either by himself or tenant, the title to the crops would have been in the mortgagee and the due date of the mortgage could not affect its validity. That the facts in this case render necessary a judgment for appellees does not affect the legal principle here involved. We think the question is settled in Shows v. Brantley, 127 Ala. 352, 28 So. 716; Pincard et al. v. Cassels, 195 Ala. 353, 70 So. 153; Lamar v. Johnson, 16 Ala. App. 648, 81 So. 140.

We realize that section 9008, Code 1923, creates a fiction, but, where there is a potential interest in the mortgagor at the time of the giving of a mortgage, the title to such crops as are raised on the land by him or his tenants is in the mortgagee, regardless of the due date of the mortgage.